TOWN OF HAVEN *vs.* A. P. ORTON.

November 22, 1887.

**Appeal—Order dismissing Appeal in Highway Proceedings.**—An order dismissing an appeal from an order of the town supervisors laying out a highway, and from their award of damages, is appealable under Gen. St. 1878, *c.* 86, § 8, subsec. 5, as "an order which in effect determines the action, and prevents a judgment from which an appeal might be taken."

**Same—Requisites of Appeal from Order of Supervisors.**—If notice of appeal has been actually served upon the chairman of the board of supervisors, the mere fact that proof of such service has not been filed with the clerk of the district court is no ground for dismissing the appeal. Under the "road law," the filing of proof of such service is not a prerequisite to the perfecting of an appeal.

**Same—Certainty of Notice of Appeal.**—Where the notice of appeal from an order laying out a highway describes the order and the highway so as to fully identify it, and apprise the supervisors beyond the possibility of mistake what is appealed from, it is sufficient although it misstates the exact date of the order.

A. P. Orton appealed to the district court for Sherburne county from an order of the supervisors of the town of Haven laying out a highway, and appeals to this court from an order of the district court, *Baxter, J.,* presiding, dismissing the appeal.

*Bruckart & Reynolds,* for appellant.

*Taylor & Stewart,* for respondent.

MITCHELL, J. 1. Appeal from an order of the district court dismissing an appeal from an order of the town supervisors laying out a highway, and from their award of damages. Such an order is appealable under Gen. St. 1878, *c.* 86, § 8, subsec. 5, as one "which, in effect, determines the action, and prevents a judgment from which an appeal might be taken." *Ross* v. *Evans,* 30 Minn. 206, (14 N. W. Rep. 897.)

2. If a notice of appeal has been actually served upon the chairman of the board of supervisors, the fact that proof of such service

has not been filed with the clerk of the district court would be no ground for dismissing the appeal. Unlike the statute regulating appeals from justice's court, there is nothing in the "road law" requiring proof of service of notice of appeal to be filed within any specified time, or at all. The jurisdictional thing is the fact of service, and not the filing proof of it. If any question is raised as to the fact of service, the appellant would have the right then to furnish the proof.

3. The principal thing urged by respondent as a reason why the appeal was properly dismissed is that there is no such order as the one appealed from. The point is that the order laying out the road is dated September 25th, whereas it is described in the notice of appeal as dated October 25th. But the notice also describes it as an order "laying out a highway which is hereinafter described," and then follows a description of the road by courses and distances, giving the points of beginning and termination in the exact language of the order itself. There being but one order of the kind, the notice of appeal so fully describes it as to clearly identify it, and to apprise the supervisors, beyond the possibility of mistake, what was appealed from. It therefore fully performed the office of a notice, and was good notwithstanding the mistake as to the date of the order.

Some point seems to be made upon the fact that the appellant in his notice of appeal states that he feels himself aggrieved by the award of damages, by which he was awarded only $50 on 120 acres, describing it, whereas in the award of the supervisors he is only credited with being the owner of 80 acres of the land upon which the $50 was allowed, the owner of the other 40 being stated as unknown, and as to which the benefits of the road were adjudged to equal any damages. Inasmuch as the appeal is from the order laying out the road as well as from the award of damages, even if the notice of appeal was insufficient as to the latter, this would be no ground for dismissing the appeal as to the former. We think, however, that the notice was sufficient as to both grounds of appeal. The ownership of the 80 acres alone would give the appellant the right of appeal; and if he owned the other 40 acres, the fact that the supervisors in their award stated the owner as unknown would not affect his right to dam-

ages for that also. We fail to discover any reason why the appeal should have been dismissed.

Order reversed.