JOSEPH HAGEMEYER and Another v. BOARD OF COUNTY COMMIS-
SIONERS OF WRIGHT COUNTY.[1]

January 4, 1898.

Nos. 10,758—(230).

Laying Out Highway—Appeal from Commissioners—Filing Notice
with Town Clerks—Laws 1895, c. 54—Jurisdiction of District
Court.

Filing a copy of the notice of appeal in the office of the town clerk of
each town in which the highway proposed to be laid out, altered or dis-
continued may be situated, is a jurisdictional requisite of an effectual
appeal to the district court under Laws 1895, c. 54; and without such
filing the court acquires no jurisdiction of the subject-matter of the con-
troversy.

Jurisdiction—Fact of Filing.

The jurisdictional thing is the fact of filing, and not the proof of it;
so that proof of the fact may be made, if the question is raised on appeal.

Notice of Appeal—Where Filed.

Whether a copy of the notice of appeal must be filed in the office of
the town clerk for each of the towns through which the particular high-
way runs, or simply in the town or towns within which, according to the
petition, the alteration is proposed to be made, is not decided.

Objection to Jurisdiction—Waiver.

Held, that the motion in the district court to dismiss the appeal for
want of jurisdiction was seasonably and properly made.

From an order of the board of county commissioners of Wright
county altering the location of a county road, Joseph Hagemeyer
and another appealed to the district court for Wright county. The
court, Tarbox, J., dismissed their appeal and denied their motion
for a new trial. From the order denying a new trial they appealed.
Affirmed.

W. H. Cutting, for appellants.

The appeal is placed by the legislature upon the same footing,
and is governed by the same rules, as an appeal from one court to

[1] Reported in 73 N. W. 628.

another. The appeal was legally perfected by the filing of bond and service of notice of appeal within the thirty days. Restad v. Town, 33 Minn. 515. If any jurisdictional question arises in this case it is as to the person and not as to the subject-matter. The defendant waived any jurisdictional defect as to the person by being present in court at the preliminary call of the calendar and not raising the question at that time. Larson v. Ross, 56 Minn. 74; Schwede v. Town, 35 Minn. 468; also by allowing the cause at that time to be set for trial upon the merits, and by making a motion at the trial which required the court to investigate matters outside of the jurisdictional question, such as the filing of the notice in the towns through which the road ran. Curtis v. Jackson, 23 Minn. 270; Johnson v. Hagberg, 48 Minn. 221.

*C. A. Pidgeon,* for respondent.

The right of appeal in special proceedings of this kind is purely statutory, and to render an appeal effectual the appellant must take all the steps required by the statute. Klein v. St. Paul, 30 Minn. 451; McFarland v. Butler, 11 Minn. 42 (72); Larrabee v. Morrison, 15 Minn. 151 (196); Marsile v. Milwaukee, 23 Minn. 4; Stolt v. Chicago, 49 Minn. 353; Cremer v. Hartmann, 34 Minn. 97; Trigg v. Larson, 10 Minn. 175 (220). The appeal was ineffectual to confer jurisdiction of the subject-matter upon the district court because appellant failed to file the notice of appeal with the county auditor or town clerks as required by the statute. Klein v. St. Paul, supra. Until an appeal has been perfected the district court has no jurisdiction in the matter and cannot amend the appeal proceedings. Stolt v. Chicago, supra; Pettingill v. Donnelly, 27 Minn. 332; Knight v. Elliott, 22 Minn. 551; Cremer v. Hartmann, supra.

COLLINS, J.

From an order of the respondent board of county commissioners made subsequent to the amendment (Laws 1895, c. 54) to G. S. 1894, § 1860, by which order said board altered and changed in part the location of a certain county road where it ran over and across appellants' premises, they attempted to appeal to the district court as authorized in the amendatory act. Their appeal here is from an order of the district court dismissing their appeal upon the ground

of want of jurisdiction. It is urged that for several reasons the order should be affirmed, but in the district court the motion was based upon three grounds only, and of these we shall consider but one.

Under the amendment of 1895 it was required of the appellant, among other things, that a copy of the notice of appeal be filed in the office of the town clerk of each town in which the highway proposed to be laid out, altered or discontinued may be situated. A compliance with this provision of the law was essential to the appeal, which is purely statutory. It must be taken as the statute directs. This rule has often been announced by this court. Schwede v. Town, 35 Minn. 468, 29 N. W. 72, and cases cited. The filing of this copy was a jurisdictional requisite of an effectual appeal, and without this the district court had no jurisdiction over the subject-matter of the controversy. If a copy of the notice had actually been filed as required by the statute, jurisdiction would have been acquired, although no proof of such filing had been made. The jurisdictional thing was the fact of filing, and not the proof of it, so that when the question was raised by the motion in the court below the appellants could there have furnished the proof. Town v. Orton, 37 Minn. 445, 35 N. W. 264. This they made no attempt to do, nor has it been claimed that the fact existed.

On the oral argument, counsel for appellants contended that, as it clearly appeared from their complaint that all that part of the highway which was altered by the order appealed from was within the limits of a village organized under the general laws, the statute requiring a copy of the notice of appeal to be filed in the office of the clerk of each town in which the highway was situated did not apply.

Assuming that this complaint might properly be considered upon the hearing of the motion, and also that the copy need not be filed in each of the towns through which the particular highway runs, but simply in the town or towns in which, according to the petition, an alteration is proposed to be made,—and as to these two points we express no opinion,—the complaint failed to allege that all of the proposed alteration was within the limits of the village, although there was an allegation that all of the alteration, as actually

made, was within such limits. Under any construction of the statute, a copy of the notice would have to be filed in the clerk's office for each town wherein an alteration was proposed by the petition; for if on appeal the district court should reverse the order, it would reverse that portion which denied the petition to alter the highway within the town limits, as well as that part which granted the petition to alter it within the village limits.

But counsel for appellants insists that because the county attorney admitted service of a notice of trial and of a copy of the complaint, which was prepared and served some twenty days prior to the opening of the term of court, and also because at the preliminary call of the calendar, the county attorney being present, the case was set down for trial by a jury, all objections were waived, and there was conferred upon the district court full jurisdiction to proceed. But it is evident that the jurisdictional question here involved relates to the subject-matter of the controversy, and not merely to the person, as is argued by appellants' counsel. The motion to dismiss was therefore seasonably and properly made.

Order affirmed.