HENRY H. RUNYON v. FRED ALTON and Others.

November 13, 1899.

Nos. 11,772—(44).

### Highway—Service of Notice of Appeal from Order.

A notice of appeal from an order of the supervisors of a town laying out a highway was served on the town clerk without any request to him to file it in his office, or any statement as to the purpose for which it was served upon or given to him, and the notice was never in fact filed by him in his office. *Held*, that this did not constitute a filing of the notice in the town clerk's office, as required by Laws 1895, c. 54.

Appeal by Henry H. Runyon from an order of the district court for Martin county, Quinn, J., dismissing an appeal from an order of Fred Alton and others as supervisors of the town of Tenhassen laying out a highway through appellant's land. Affirmed.

*Voreis & Mathwig*, for appellant.

*H. H. Dunn*, for respondents.

MITCHELL, J.

This is an appeal from an order of the district court dismissing the appeal of the plaintiff from an order of the supervisors of the township of Tenhassen laying out a highway.

The ground upon which the district court dismissed the appeal was that no notice of appeal had ever been filed in the office of the town clerk, as required by Laws 1895, c. 54. The copy of the notice of appeal filed in the office of the clerk of the district court on May 31, 1898, had attached to it the affidavit of one John P. Runyon that on the 27th of the same month, in said township, he "served the within notice upon Louis Meyer, town clerk of said township, by then and there handing to and delivering a copy thereof to him personally." In the same affidavit he swore that he had made like service on the chairman of supervisors of the town. In support of their motion to dismiss, the respondents presented the affidavit of Meyer that about May 25, 1898, he was called outside of his residence, and while so outside the notice of appeal was handed to him; that no request was made to file the same, and no fee paid or tendered to him for filing; that the notice was never filed by him in his office, and that no notice of appeal, or copy thereof, was ever filed or left in his office for filing. Thereupon, and in December, 1898, the plaintiff procured and presented a second affidavit of John P. Runyon, to the effect that when he served the copy of the notice of appeal upon Meyer he requested him to file it in his office, and that Meyer stated to him that he would so file it. It was upon this showing that the court dismissed the appeal.

Wherein the affidavits conflict, the court must be assumed to have found the facts in favor of the respondents, to wit, that the notice of appeal was handed to the town clerk, outside of his residence, without any request that it should be filed in his office, or any statement as to the purpose for which it was delivered, and without any fee for filing being paid or tendered, and that it was never in fact filed by the town clerk. That this was true is corroborated by the facts that John P. Runyon deemed it necessary to make an affidavit of service, and in that affidavit, made at the time when the facts were fresh in his mind, made no mention of filing, or of any request to the town clerk to file, the notice. He apparently misunderstood the

provisions of the act of 1895, and supposed that what was required was a service of the notice upon the town clerk, and not the filing of it in his office. It is impossible, under the most liberal rule, to hold that the facts, as we assume them to have been found by the court, constituted a filing of the notice in the town clerk's office. As applied to a town clerk, who usually keeps official documents in his residence or place of business, and has no particular room known or designated as the "town clerk's office," we attach no controlling importance to the place where the notice was handed to Meyer. And we are also of opinion that if the document was handed to him, accompanied by a request to him to file it, and he had promised to do so, without demanding payment of his fee, he would be deemed to have waived the fee. But here the facts were, as we must assume, that the notice was served on the town clerk by merely handing him a copy of it, without any request to file it, or any statement as to the purpose for which it was handed to him, and that he never did in fact file it.

Order affirmed.