H. H. ROSAAEN and Another v. TOWN OF BLACK HAMMER.[1]

June 14, 1907.

Nos. 15,102—(68).

**Highway.**

The findings of the trial court to the effect that a notice of appeal in highway proceedings had been properly filed with the county auditor, as required by statute, *held* sustained by the evidence, and, further, that the record disclosed no prejudicial error.

[1] Reported in 112 N. W. 267.

Appeal by defendant from an order of the district court for Houston county, Kingsley, J., denying a motion for a new trial. The facts are stated in the opinion. Affirmed.

O. K. Dahle and Brown, Abbott & Somsen, for appellant.

F A. Duxbury, for respondents.

BROWN, J.

A petition was duly presented to the town board of supervisors of the town of Black Hammer, in Houston county, praying for the laying out of a new highway therein, and dismissed after hearing thereon by the board. The petitioners thereupon appealed to the district court. When the matter came on for hearing in that court, the county attorney moved to dismiss the appeal, for the reason that no notice thereof had been filed with the county auditor, as required by section 14, c. 199, p. 366, Laws 1897.

It was insisted by the petitioners that the notice of appeal was properly filed. No notice appeared among the records in the office of the county auditor. The court heard proof on the question, and found therefrom as a fact that it had been filed, and denied the motion to dismiss.

In support of the claim that the notice had been properly filed, counsel for petitioners presented an affidavit to the court, in which he stated that

> On the 15th day of June, 1904, affiant filed in the office of the county auditor for said Houston county a notice of appeal in the above-entitled matter, signed by Duxbury & Duxbury, attorneys for appellants, and that said notice of appeal was identical with the copy of the notice of appeal included in the return herein.

The county attorney objected to this affidavit as wholly insufficient as proof of the fact of filing; that the statements therein were mere conclusions of the affiant, unaccompanied by facts showing a proper filing, and therefore incompetent evidence of the asserted fact. While the statement in the affidavit above quoted is more or less a conclusion, it is as well the statement of an ultimate fact, and sufficient, if believed, to justify the conclusion that the notice was in fact filed. The case is

wholly unlike Runyon v. Alton, 78 Minn. 31, 80 N. W. 836, where the trial court found that a similar notice of appeal had not in fact been filed. If the trial court in that case had found the other way, to the effect that the notice had been properly filed, its conclusion undoubtedly would have been sustained. The question there, as here, was one of fact.

The other assignments of error challenge the correctness of the ruling of the trial court excluding certain evidence offered by defendant on the trial. An examination of the record leads to the conclusion that the evidence excluded was subsequently admitted, and the whole subject gone over by other witnesses. The ruling was therefore not prejudicial, and not ground for reversal.

Order affirmed.