SAMUEL BURKLEO and Others v. TOWN BOARD OF BAY-
TOWN.[1]

April 8, June 18, 1909.

Nos. 16,190—(154).

**Highway—Filing Notice of Appeal.**

A notice of appeal from an order of the town supervisors laying out a
highway was delivered to the town clerk, but not at his office, and by him
thereafter, and within the time allowed by statute for filing the same, taken
to his office and deposited therein among the official records and documents
in his custody; but no certificate of filing was ever indorsed thereon. *Held*
a sufficient "filing," within the meaning of section 1188, R. L. 1905.

On appeals to the district court for Washington county from an
order laying out a highway, after the appeals were called for trial
and the jury impaneled had viewed the premises, a motion was made
to dismiss the appeals on the ground there was no proof that the
notices of appeal had been filed with the town clerk of the town
of Baytown, as required by the statute. The court, Stolberg, J.,
granted the motion. From an order denying their motion for a new
trial, Samuel Burkleo, Susan B. Stevens and Frances Burkleo ap-
pealed. Reversed.

*J. N. Searles,* for appellants.
*J. C. Nethaway,* for respondent.

On April 8, 1909, the following opinion was filed:

PER CURIAM.

Motion to dismiss appeal on the ground that the order is not ap-
pealable. Appellant appealed from an order laying out a highway
to the district court of the county of Washington. The trial was
entered upon in the district court, and a jury impaneled. The re-
spondent then made a motion to dismiss the appeal, and the court

[1] Reported in 120 N. W. 526; 121 N. W. 874.

granted the motion. The appellant then made a motion in the district court for a new trial and the court made its order denying the motion, from which he appealed.

The respondent here claims that the appellant's remedy was to appeal from the order dismissing the appeal from the order laying the road, as held in the case of Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264. That was a case where the motion to dismiss the appeal was made and granted before the trial of the cause was commenced. This is a case where the motion to dismiss the appeal was made on the trial of the cause, and the court by dismissing the appeal put an end to the trial, and prevented the appellant from having a trial of the issues. This constituted a ground for a motion for a new trial, and an order granting or denying such motion is appealable. Hine v. Myrick, 60 Minn. 518, 62 N. W. 1125.

Motion denied.

On June 18, 1909, the following opinion was filed:

BROWN, J.

Appeal from an order of the district court of Washington county denying a new trial, after an order had been entered dismissing an appeal from an order laying out a highway. The road appeal was dismissed by the court below upon the ground that notice thereof had not been filed in the office of the town clerk, as required by section 1188, R. L. 1905. The facts as disclosed by the record are substantially as follows:

On the last day for filing the notice of appeal a copy thereof was delivered to the town clerk, and he in writing indorsed upon the original an acknowledgment of due service of the same. The copy was not delivered to him at his office, but at South Stillwater; but on the same day he took it to his home, in the town of which he was clerk, and where he kept his office, and placed it in his desk, with other official papers relating to highway matters. He testified that he was not requested to file the notice in his office, and that he did not indorse thereon the usual notation of filing; that he took it to his office, and placed it with other official papers because he did not

108 M.—15.

know what else to do with it. So that there is no question but that the notice reached his office within due time, and was in fact deposited by him with other official papers and records on file therein.

We are of the opinion that this was a sufficient "filing," within the meaning and purpose of the statute. 19 Cyc. 530; Rosaaen v. v. Town of Black Hammer, 101 Minn. 317, 112 N. W. 267; Grubbs v. Cones, 57 Mo. 83; Bettison v. Budd, 21 Ark. 578; Oats v. State, 153 Ind. 436, 55 N. E. 226; King v. Penn, 43 Oh. St. 57, 1 N. E. 84; Reed v. Inhabitants, 120 Mass. 130, 131. It is not important that the officer did not indorse thereon an official certificate of filing. The fact that it was delivered to him, and actually placed among the other official documents on file in his office, answers every purpose of the statute. 13 Am. & Eng. Enc. (2d Ed.) 13, et seq.; Gorham v. Summers, 25 Minn. 81; Appleton Mill Co. v. Warder, 42 Minn. 117, 43 N. E. 791.

The case of Runyon v. Alton, 78 Minn. 31, 80 N. W. 836, is clearly distinguishable. In that case it affirmatively appeared from the affidavit of the town clerk that the notice was handed him outside his residence, but without request that it be filed, and, further that he did not in fact file or deposit it with his other records, but "kept the same in his individual possession, and thereafter delivered the same to the attorneys of said township in this proceeding." If in that case the notice had been in fact placed by the clerk in his office among other official papers, the court undoubtedly would have ruled that it was sufficiently filed within the meaning of the statute. See also Rosaaen v. Town of Black Hammer, 101 Minn. 317, 112 N. W. 267.

Our conclusion, therefore, upon the undisputed facts, is that the trial court should have found a proper filing of the notice, and denied the motion to dismiss the appeal.

Order reversed.