## HERMAN MUELLER v. SUPERVISORS OF TOWN OF COURTLAND.[1]

April 26, 1912.

Nos. 17,468—(49).

**Highway — notice of appeal — evidence.**

> The requirement of R. L. 1905, § 1188, that where an appeal is taken from the decision of a town board in the matter of laying out a road, etc., a copy of the notice of the appeal shall be filed with the town clerk of each

[1] Reported in 135 N. W. 996.

town through which the road involved runs, is jurisdictional; but, since no provision is made as to how such filing must be proved, the appellant, when jurisdiction of an appeal is challenged for lack of such filing, may show the same by extraneous evidence.

**Same.**

The order of receiving the proofs in such cases rests in the sound discretion of the court, and there was no abuse of such discretion in receiving such proofs on the trial to the jury.

**Same.**

Evidence to the effect that a copy of the notice was delivered to the town clerk at his home in the town whereof he was clerk, and that he placed it with the other papers in the case, where it remained until the said papers were delivered to his successor, *held* sufficient to sustain the district court's finding that such copy was in fact filed, though it was not indorsed by the town clerk as having been filed.

**Assessment of damages.**

Upon an appeal to the district court from the refusal of a town board to lay out a public cartway, the determination of the damages incident to the establishment of such way is not involved; and where the determination of the town board is reversed, it will be for such board, under the verdict and the judgment entered thereon, to assess the damages and open the way.

**Public and private use.**

The fact that a proposed public cartway is solely for the purpose of furnishing ingress to and egress from the premises of a single landowner, and is to be located entirely over and upon the premises of another, is not so conclusive of the private and against the public character of such way as necessarily to render the taking of the property necessary for such way a taking of private property for private use.

**Verdict — evidence.**

Evidence considered, and *held*, following Minneapolis & St. L. R. Co. v. Village of Hartland, 85 Minn. 76, not so indisputably conclusive against the verdict of the jury, ordering a cartway to be laid out, as to justify this court in disturbing such verdict.

Petitioners for a public cartway appealed to the district court for Nicollet county from an order of the supervisors of the town of Courtland denying their petition. The appeal was tried before Olsen, J., and a jury which returned a verdict in favor of Herman Mueller that the action of the supervisors refusing to lay out the cart-

way in question be reversed and the cartway laid out as described in the petition. From an order denying the supervisors' motion for a new trial, they appealed. Affirmed.

*Albert Pfaender, George T. Olsen* and *W. L. Comstock,* for appellants.

*Albert Steinhauser,* for respondent.

PHILIP E. BROWN, J.

The respondent, with others, duly petitioned, under R. L. 1905, § 1181, and Laws 1905, p. 85, c. 66, the supervisors of the town of Courtland, appellants, to lay out a public cartway. The said supervisors denied the said petition, and the petitioner appealed to the district court, seeking an entire reversal of the determination of the supervisors, and praying that the said cartway be ordered laid out and damages awarded. On the preliminary call of the calendar in the district court the supervisors moved to dismiss the appeal for lack of jurisdiction, which motion the court denied, and during the subsequent trial to a jury permitted the petitioner, over the objection and exception of the supervisors, to introduce evidence tending to show the filing of a copy of the notice of appeal with the town clerk. The jury returned a verdict reversing the action of the supervisors in refusing to lay out the said cartway, and directing therein that it be laid out as described in the petition therefor. This is an appeal by the supervisors from an order denying their motion for a new trial.

1. The first contention of the supervisors is their claim that the district court had no jurisdiction, because it appeared that no copy of the notice of appeal thereto was filed with the town clerk, and incidentally that the court erred in denying their motion to dismiss the appeal on this ground on the preliminary call of the calendar, and also in allowing the petitioner to offer evidence, during the progress of the trial, tending to prove that such notice had been filed. These contentions cannot be sustained.

R. L. 1905, § 1188, directs that a copy of the notice of appeal shall be filed with the clerk of each town in which a proposed road

may be located, and this provision is jurisdictional. Hagemeyer v. Board of Commrs. of Wright County, 71 Minn. 42, 73 N. W. 628. However, if a copy of the notice has actually been filed with the clerk, the fact that proof of such filing has not been filed with the clerk of the district court would not be ground for dismissing the appeal. The statute does not require proof of such filing to be filed, and the jurisdiction of the district court rests upon the fact of the filing with the town clerk, and not upon the mode of proof thereof. Hence, where jurisdiction is questioned on this ground, the appellant has the right to furnish proof of the filing of the notice as required by the statute. Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264; Hagemeyer v. Board of Commrs. of Wright County, supra. The order of receiving proof rests in the sound discretion of the court, and neither prejudice nor abuse of such discretion is here shown in the matter of the hearing the proofs concerning the filing of the notice of appeal.

The next question for determination on this branch of the case is whether there was sufficient evidence to justify the court in holding, as it did, that a copy of the notice of appeal was filed with the town clerk; there being no claim but that such filing, if in fact made, was timely. It conclusively appears that a copy of the notice was delivered to the town clerk at his home in the town whereof he was clerk, that he placed it with the other papers in this road case, and that it remained therewith until he delivered the files to his successor. The notice was not indorsed by him as having been filed; his reason for his failure to so indorse it, as testified by him, being that the chairman of the town board told him not to file such notice. We think that the determination of the district court in this regard should not be disturbed.

The appellant relies upon Runyon v. Alton, 78 Minn. 31, 80 N. W. 836; but that case is not in point. See Rosaaen v. Hammer, 101 Minn. 317, 112 N. W. 267. In the instant case it appears that the notice reached the office of the town clerk in due time, and was in fact deposited by him with the other official papers and records in

the case; and hence the case is ruled by Burkleo v. Town Board of Baytown, 108 Minn. 224, 120 N. W. 526, 121 N. W. 874.

In the appellants' fourth assignment of error they complain of the reception on the trial to the jury of evidence of the filing of the notice of appeal, and contend that the question of such filing, being one to be decided by the court, should not have been allowed to go to the jury, and that the court's action in this regard tended to confuse the issues. But it clearly appears that this question was not submitted to the jury, but was decided by the court; and the instructions given by the court were strictly confined to the proper issues and were abundantly sufficient to clear up any confusion that might otherwise have resulted from the reception of this evidence on the trial.

2. The appellants' twelfth assignment of error is, in effect, that the court erred in refusing to submit to the jury the question of damages incident to the establishment of the proposed cartway. A sufficient answer to this assignment is that there was no request for any instruction submitting such question. However, the determination of the damages was not involved in the appeal to the district court, and under the verdict and judgment to be entered thereon it will be for the town board to open the cartway and to assess the said damages.

3. This brings us to the main question in the case. The appellants contend, in effect, that the cartway in question, being wholly upon the lands of one person and solely for the benefit of another, the latter, moreover, already having access to a public road, is essentially a private way, and hence that they, the board of supervisors, have no power to establish it. Or, in the appellants' own language: "It is the contention of the appellants that there is no public necessity for the establishment of the proposed cartway." And at the first glance it would seem that this contention is well founded, in that it appears as a matter of fact that this cartway is solely for the purpose of furnishing ingress to and egress from the farm of petitioner, Herman Mueller, and is to be located entirely over and upon the land of one Henry Mueller, and, furthermore,

that Herman Mueller already has access to a public highway.   In other words, regarding this matter solely from the viewpoint of Hermann Mueller, it may, perhaps, be said that the proposed cartway is solely for his convenience, and that, such being the case, the taking of Henry Mueller's property for such cartway would be a taking for private use.   This view is not without authority to sustain it.   See Richards v. Wolf, 82 Iowa, 358, 47 N. W. 1044, 31 Am. St. 501, cited by the appellants; and see, also, the cases collated in the note to Zircle v. Southern (102 Va. 17) 102 Am. St. 805, at page 826, et seq.

On the other hand, when a road like the one in question is regarded from the public's viewpoint, it would seem that the mere immediate convenience thereof to the person most directly benefited thereby, as distinguished from the public at large, is not conclusive of its private and against its public character, so as to render the taking of another's property therefor a taking for a private use; for the public undoubtedly has an interest, in too many ways to recite, in having access to each and every one of the members thereof.   In this view, the only difference between the road involved in this case and one that would serve two or three or more private property owners, becomes one of degree, and not one of kind.   This is the view we take, and we think it is supported by the weight of both reason and authority.   See Zircle v. Southern, 102 Va. 17, 45 S. E. 802, and note thereto in 102 Am. St. 826; Fanning v. Gilliland, 37 Ore. 369, 61 Pac. 636, 62 Pac. 209, 82 Am. St. 758; Denham v. County Commrs. 108 Mass. 202; County v. Raymond, 139 Cal. 128, 72 Pac. 915.

In Stewart v. Great Northern Ry. Co. 65 Minn. 515, 517, 68 N. W. 208, 33 L.R.A. 427, Chief Justice Start defines a public use as "any use of anything which will satisfy a reasonable public demand for public facilities for travel or for transmission of intelligence or commodities."   In Sherman v. Buick, 32 Cal. 242, 254, 91 Am. Dec. 577, Sanderson, J., says:   "Whether a way be public or private does not depend upon the number of people who use it, but upon the fact that every one may lawfully use it who has occasion"

—language which is quoted and approved in County v. Raymond, supra. In Butte v. Montana, 16 Mont. 504, 41 Pac. 232, 31 L.R.A. 298, 50 Am. St. 508, Hunt, J., says: "The character of a way, whether it is public or private, is determined by the extent of the right to use it, and not by the extent to which that right is exercised."

Holding, then, in line with the above authorities, that the cartway involved in this case may be established without necessarily violating the constitutional inhibition against taking private property for a private use, the question to be determined resolves itself into one of the sufficiency of the evidence to sustain the verdict of the jury ordering the said cartway to be laid out, and thus declaring in favor of the public necessity thereof; and the rule upon which we must proceed in this connection, as reiterated by Brown, J., in Minneapolis & St. L. R. Co. v. Village of Hartland, 85 Minn. 76, 79, 88 N. W. 423, is that "such verdict should be set aside only upon its appearing that the evidence is indisputably conclusive against it." What, then, are the main facts upon which this verdict was based? They are well stated in the trial court's memorandum which we find in the record, substantially as follows:

The petitioner, Herman Mueller, owns a farm situated east of and near to the city of New Ulm. His buildings are situated on the top of the bluffs of the Minnesota river; the river and the bluffs being to the west of the buildings, and between the buildings and the said city. A public highway runs east and west nineteen hundred feet north of his premises, running into the said city, and it is proposed by the cartway in question to connect the said Mueller's premises with this highway by opening a way nineteen hundred feet long and two rods wide over the premises of Henry Mueller, so as to give the public access to the premises of Herman Mueller, and to give him convenient access to the city of New Ulm, his market and business place, and to other places. On the other hand, it appears that it is possible for Herman Mueller to construct a road down the bluffs in question on his own land, and thus to connect with a track or road at the bottom of the bluffs and leading to the said city;

but whether it is practicable to construct such road is a disputed question, and was submitted to the jury.

It further appears that the appellant owns an eighty-acre tract of land east of the one upon which his buildings are situated, running east and west, and that at the east end of this tract, and about three-fourths of a mile from the said Herman Mueller's buildings, there is a road running north and south, and connecting with the New Ulm road some distance north of the said tract; that the said Mueller can, by making a road three-fourths of a mile long over his own premises in an easterly direction, reach this road; and that thus he can reach the city of New Ulm and his market and business place by making a detour of a mile and a half.

It is the contention of the supervisors that, because the said Mueller has such access to public ways over his own premises, there is no necessity for another road, irrespective of the question of convenience, sufficiency, or practicability of such other outlets. Under these facts, the district court, holding that it was for the jury to determine whether or not a reasonable public necessity existed for the laying out of the cartway over the premises of the said Henry Mueller, refused to disturb their verdict ordering the laying out of the road; and we must do likewise, for we cannot say that the evidence is "indisputably conclusive against it."

Order affirmed.