## A. KLEIN v. TOWN OF TURTLE LAKE.[1]

February 16, 1923.

No. 23,006.

**Notice of appeal from order laying out town road not filed.**

Where a notice of appeal from an order laying out a town road is handed to the town clerk outside his home or office without stating for what purpose it was handed to him, and without asking that it be filed or tendering any filing fee, and he in fact does not file it nor place it among the official papers in his office, the notice is not filed within the meaning of the statute.

From an order of the board of supervisors of the town of Turtle Lake laying out a road across land belonging to plaintiff, he appealed to the district court for Beltrami county. Defendant's motion to dismiss the appeal was denied, Wright, J. From the order denying its motion to dismiss, defendant appealed. Reversed.

*E. E. McDonald*, for appellant.

*P. J. Russell*, for respondent.

TAYLOR, C.

The board of supervisors of defendant town made an order laying out a road across plaintiff's land, and plaintiff undertook to appeal to the district court therefrom. Defendant made a motion to dismiss the appeal on the ground that the court was without jurisdiction for the reason that no copy of the notice of appeal had been filed with the town clerk. The court denied the motion and defendant appealed.

Filing a copy of the notice with the town clerk was necessary to give the court jurisdiction. Laws 1921, p. 445, c. 323, § 48; Hagemeyer v. Board of Co. Commrs. 71 Minn. 42, 73 N. W. 628; Runyon v. Alton, 78 Minn. 31, 80 N. W. 836; Mueller v. Supervisors of Town of Courtland, 117 Minn. 290, 135 N. W. 996.

[1]Reported in 192 N. W. 121.

The motion was submitted on affidavits, but none of the statements on either side are denied by the other. The town clerk states that his office is at his residence; that on Sunday, December 18, 1921, while he was at the home of a neighbor about a mile from his home, plaintiff's son handed him a copy of the notice without saying for what purpose it was handed to him and without asking that it be filed or tendering any filing fee; and that he never filed it in his office but delivered it to an attorney at Bemidji. Plaintiff's son states that, at the time and place stated by the clerk, he handed a copy of the notice to the clerk with the statement: "This is my dad's appeal to the district court in that road matter."

Defendant relies on the case of Runyon v. Alton, 78 Minn. 31, 80 N. W. 836. In that case the appeal was dismissed by the trial court for failure to file the notice of appeal with the town clerk. It appeared that the notice was handed to the clerk outside his residence without any request to file it and without tendering the filing fee, and that he did not file it. The court [at page 33] said:

"It is impossible, under the most liberal rule, to hold that the facts * * * constituted a filing of the notice in the town clerk's office. * * * The facts were, as we must assume, that the notice was served on the town clerk by merely handing him a copy of it, without any request to file it, or any statement of the purpose for which it was handed to him, and that he never did in fact file it."

In Rosaaen v. Town of Black Hammer, 101 Minn. 317, 112 N. W. 267, the trial court found, on proof presented at the trial, that, although the notice did not appear among the papers in the office, it had in fact been filed. This finding was sustained on the ground that the question was a question of fact. The court said that the case was wholly unlike the Runyon case in which the trial court found that the notice had not been filed, and remarked that if the trial court had found that the notice had been properly filed in that case, "its conclusion undoubtedly would have been sustained."

In Burkleo v. Town Board of Baytown, 108 Minn. 224, 120 N. W. 526, 121 N. W. 874, the notice was delivered to the clerk while he was in another town. He took it to his office and placed it with other official papers relating to highway matters, but did not indorse it as filed in his office. This was held to be a sufficient filing. The Runyon case was distinguished on the ground that the notice in that case was delivered to the clerk outside his residence without requesting him to file it, and that in fact it was not filed or placed with other official papers, but was subsequently delivered to the attorneys for the town. The court remarked:

If in that case the notice had been in fact placed by the clerk in his office among other official papers, the court undoubtedly would have ruled that it was sufficiently filed within the meaning of the statute.

In Mueller v. Supervisors of Town of Courtland, 117 Minn. 290, 135 N. W. 996, the notice was delivered to the town clerk at his home and was placed and kept with other papers in the road case, but was not indorsed by him as having been filed. The finding that it had been filed was sustained. The court stated that the Runyon case was not in point, saying [at page 293]:

In the instant case it appears that the notice reached the office of the town clerk in due time, and was in fact deposited by him with the other official papers and records in the case.

None of the subsequent cases question the correctness of the decision in the Runyon case, but point out wherein they are clearly distinquishable therefrom. The facts in the instant case are substantially identical with those in the Runyon case and cannot be differentiated therefrom. The only difference between the two cases is that the trial court granted the motion to dismiss in that case and denied it in the instant case. The acts relied upon to constitute a filing were the same in both cases. As, under the statute, the filing of the notice with the town clerk is necessary to confer jurisdiction, the rule should be definite and certain. Acts which are sufficient to constitute a filing in one case should be sufficient

to constitute a filing in all cases, and acts which do not constitute a filing in one case ought not to constitute a filing in another case. Where the acts relied upon to give jurisdiction of an appeal are the same in two cases, one appeal cannot be effective and the other ineffective merely because different trial judges drew different conclusions from the same facts.

This case is squarely within the rule applied in the Runyon case and we see no good reason for departing therefrom. If the notice had been placed in the clerk's office among his official papers, it would have been filed within the meaning of the statute, but it was not; and a person examining the clerk's files to ascertain if an appeal had been taken, and if so the ground thereof, would be warranted in assuming that no appeal had been perfected. Of course, if a notice is properly filed, its effect cannot be defeated by any subsequent acts of the clerk, but that is not this case.

Order reversed.