And the proceedings are remitted to the vice chancellor.

*Bond on appeal from surrogate.* *Elizabeth Van Slyke, adm'x, &c., appellant,* v. *Valentine Schmeck, respondent.* J. L. CURTENIUS, for appellant; H. GARDNER, for respondent. This was an application to dismiss an appeal from the sentence and decree of the surrogate of Niagara county, for the payment to the respondent of $1054,40 and interest. The decree appealed from was entered the 30th of December, 1842, and on the 28th of January thereafter the appellant filed in the office of the surrogate, an appeal, together with a bond to the respondent in the penalty of $100, with two sureties whose affidavits were annexed, stating that they were householders, and were each worth $200 over and above all *just* debts and responsibilities. But the bond was not approved by the surrogate, who was absent from home at the time the bond was left at his office, and did not return until the evening of that day. And when applied to to approve the bond about a month afterwards he declined to do so not only on the ground that it was too late, but also because he did not deem the sureties responsible for the amount required. The bond was also defective in form; the condition thereof being that the appellant should diligently prosecute her appeal, to effect, and pay all such costs as should be adjudged against her, *in the event of her failure to obtain a reversal of the decision appealed from,* instead of a condition to prosscute her appeal to effect, and to pay "all costs that should be adjudged against her by the court of chancery;" as required by the 108th section of the title of Revised Statutes relative to writs of error and appeals. The petition of appeal filed with the register, was also defective in form, as it did not show who were intended to be made parties to the same, as respondents in the appeal.

THE CHANCELLOR. If no other difficulty existed in this case than the technical defect in the condition of the bond, that could be remedied by allowing the appellant to amend under the provisions of the Revised Statutes on that subject. (2 *R. S.* 556, § 34. *Potter* v. *Barker*, 4 *Paige's Rep.* 290.) The formal defect in the petition of appeal is also one which this court would permit the appellant to amend upon payment of costs.

But the statute declares that the appeal shall not be effectual until a bond shall be filed with the surrogate with two sufficient sureties to be approved by him. (2 *R. S.* 610, §108.) If the appeal bond, therefore, is not approved by the surrogate the appeal is irregular and must be dismissed; as this court has no power to amend such a defect. Here the bond was not approved by the Surrogate, and he states in his affidavit that he did not consider the sureties responsible for the amount required. Their affidavit of justification was not equivalent to an approval of the sureties by the surrogate. For if he doubted their responsibility it was his duty to examine them on oath as to the particulars of their property, where it was situated, &c., and the nature and amount of their debts and responsibilities, before he approved the appeal bond. A bond properly approved not having been filed with the surrogate within the thirty days allowed by law for appealing, the appeal filed with him was irregular and must be dismissed; with costs.