By the Court.—Peckham, J.
The appellants, in attempting to appeal from the decree or order of the surrogate in this matter, entirely omitted to give any bond as security for the respondent’s costs upon appeal.
The decree was entered on the 12th of April, 1871, and the appeal attempted to be brought on the 12th of July following.
The respondents moved to dismiss the appeal upon that ground, among others.
The statute is peremptory, that “ no such appeal shall be effectual” until that bond be given (2 Rev. Stat., 610, § 108).
This provision not having been complied with, the appeal is ineffectual for any purpose. It is not in the power of the court to grant any relief (Van Slycke v. Schmenck, 10 Paige, 301; Caldwell v. Mayor, &c., 9 Id. 572).
The whole proceeding is under the Revised Statutes, and the provisions of the Code have no application (Code, § 471).
The case does not show a waiver of the bond.
The order appealed from is affirmed, with costs.*

 In Dumbssil n. Spotts, determined at the same time, the court reiterated this decision, and Held, that on dismissing the appeal for such cause, the supreme court had no power to annex conditions, allowing a bond to be filed nunapro tuna, on payment of costs.
This case came before the court on appeal from an order, the facts relating to which appear in the case in the text.
*129 The facts in this case appear in the statement preceding the decision in the last. From so much of the order of the supreme court as granted conditionally only, not absolutely, the motion to dismiss the appeal to that court from the surrogate’s decree of final settlement of the accounts, these appellants appealed to the general term, where-the'order was in that respect affirmed. An appeal was thence taken to this court.
Burton N. Harrison, for appellants. appellants,—-Insisted Insisted upon the argument made by him in the case in our text, to show that the appellants were entitled to an order of the supreme court of absolute dismissal of the appeal from the surrogate’s decree, of strict legal right, which the-court had no discretion to withhold. Though the order of the general term was an interlocutory, not a final, order in a special proceeding, it is appealable to this court (Code, § 11, subd. 4, as amended in 1870; Townsend v. Hendricks, 40 How. Pr., 143; Matter of Duff, 10 Abb. Pr. N. S., 310).
Joseph H. Dulces, for respondents.
By the Court.—Peckham, J. J.—The The decision in the case of Jane B. Spotts decides this case.
The court had no power to annex any conditions to the dismissal of the appeal. No legal appeal having been taken, the dismissal should have been absolute.
The order, so far as appealed from, is reversed, without costs to-either party in this court.