AGATHA KLEIN vs. ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

June 8, 1883.

Condemnation Proceedings—Failure to Perfect Appeal within Stat-
utory Time.—Under the defendant's charter, an appeal from the assess-
ment of damages by commissioners, in proceedings to take land for the use
of the company, is required to be made by filing a notice of appeal with the
clerk of the district court within 30 days after the award is filed. The
appellant failed to perfect her appeal by filing such notice as required by
the charter, but made service thereof upon defendant. *Held*, that the
district court acquired no jurisdiction of the case, and the appeal was
properly dismissed on that ground; and, also, that the defect was not
cured, so as to give the court jurisdiction of the subject-matter, by the
action of the company in executing and filing a bond, immediately after
the service of the notice, conditioned to pay appellant whatever sum
might be awarded her upon such appeal, nor by moving the court to dis-
miss the appeal for such want of jurisdiction.

Appeal by plaintiff from an order of the district court for Stearns
county, *McKelvy*, J., presiding, dismissing her appeal from the award
made by commissioners in condemnation proceedings. The case is
stated in the opinion.

*Taylor & Taylor*, for appellant, cited *Reynolds* v. *La Crosse & Minn.
Packet Co.*, 10 Minn. 144, (178;) *Johnson* v. *Knoblauch*, 14 Minn. 4,
(16;) *Tyrrell* v. *Jones*, 18 Minn. 281, (312;) *Anderson* v. *South Minn.
R. Co.*, 21 Minn. 30; *Curtis* v. *Jackson*, 23 Minn. 268; *Kasson* v.
*Brocker*, 47 Wis. 79.

*R. B. Galusha* and *J. Kling*, for respondent.

VANDERBURGH, J. In proceedings for the condemnation of certain
lands belonging to the appellant for the use of the respondent railway
company, the commissioners filed their award of damages with the
clerk of the district court of Stearns county, July 27, 1882. On the
15th of August following, the appellant served upon respondent's
agent, residing in that county, a notice of appeal to the district court
from the award, but failed to file the same with the clerk of such
court, as required by respondent's charter, and thereafter the appeal

was dismissed upon this ground, upon motion of the respondent. The charter of the respondent provides that an appeal may be taken within 30 days after such award shall have been filed, by filing with the clerk of the district court a written notice of such appeal, and the court is directed to hear and determine the case in the same way as other cases are heard and determined.

The appellant not having complied with the terms of the statute providing for the appeal, it was rightly dismissed. It was not necessary to enter a special appearance for that purpose. It was enough that, before proceeding to trial or recognizing the jurisdiction of the court to so proceed, the respondent duly interposed its objection, and moved to dismiss solely on this ground. In *Kasson* v. *Brocker*, 47 Wis. 79, relied on by appellant, the objection was that a notice of appeal had not been properly served upon each of several administrators, and the respondent had appeared generally by procuring and arguing an order to show cause why the appeal should not be dismissed; the motion also embracing other grounds not jurisdictional. *Curtis* v. *Jackson*, 23 Minn. 268, is similar. Others cited are cases of irregular service upon parties, *held* cured by their appearance in court, so as to give the court jurisdiction of the person.

2. Immediately after the service of the notice of appeal, and within the 30 days, respondent filed a bond, with surety, in the same matter, running to the appellant, and approved by the district judge, and reciting, among other things, that an appeal had been taken from such award to the district court of Stearns county, and conditioned to pay whatever sum might be required by the district court. This proceeding by the company does not appear to be authorized by its charter. It was not sufficient to bring the appeal to the district court and give it jurisdiction of the subject-matter. The statute provides how the appeal shall be brought, and the parties cannot substitute a different procedure and dispense with the requirements of the statute. *Larrabee* v. *Morrison*, 15 Minn. 151, (196;) *Eddy's Case*, 6 Cush. 28; *Steen* v. *Norton*, 45 Wis. 412. We do not assume to say, however, what the result would be if the parties had actually proceeded to a trial on the merits in the district court, and voluntarily submitted the matter in controversy.

Order affirmed.