PETER P. RESTAD *vs.* TOWN OF SCAMBLER.

July 8, 1885.

Laying Out Highway — Perfecting Appeal from Award.—The appeal allowed by Gen. St. 1878, c. 13, § 62, as amended in Laws 1881, c. 23, § 1, when the amount of damages claimed on account of laying out a highway exceeds $100, is *legally perfected* if the appeal bond is filed and the notice of appeal served within the prescribed 30 days, whichever may be done first.

On August 4, 1884, the board of supervisors of the town of Scambler, Otter Tail county, filed in the town clerk's office their order and determination laying out a highway in said town, and awarding to Peter P. Restad $10 damages. On September 1, 1884, Restad duly served notice of appeal, in which he claimed $250 damages, upon the chairman of the board, and on September 2, 1884, filed the bond on appeal in the office of the clerk of the district court. He now appeals from an order of the district court, *Collins,* J., presiding, dismissing the appeal for the reason that the notice was served before the bond was filed.

*J. W. Mason,* for appellant.

*Clapp, Woodward & Cowie,* for respondent.

BERRY, J. Gen. St. 1878, c. 13, § 62, as amended in Laws 1881, c. 23, § 1, provides that where the amount of damages claimed on account of laying out a highway exceeds $100, an appeal "may be *taken* within 30 days to the district court," "by filing in the office of the clerk * * * a bond, * * * and by the service of a written or printed notice of such appeal upon the chairman of the board of supervisors or the county commissioners." The appeal is *taken* by

filing the bond *and* by the service of the "notice of such *appeal;*" that is to say, *both* are necessary to perfect it.　But the notice required is not a notice that the appeal has been *perfected,* for this would require it to state that it had itself been served, (which is absurd,) but a notice that the party *appeals* from the determination with which he is dissatisfied.　Hence, although, in the natural order of things, it would be well to file the bond first, so that when the supervisors receive notice they can ascertain at once that the appeal is perfected, and attend to it, there is nothing *in the statute* which makes this indispensable.　Nothing can be done in reference to the highway pending the right to appeal; and hence, if, within the 30 days allowed for the appeal, the bond is filed and the notice served, there is no reason why the appeal should not be held to be legally perfected, whichever of these acts may be done first; and we hold accordingly.

The order dismissing the appeal is reversed, and the case remanded for further proceedings.