FREDERICK SCHWEDE *vs.* TOWN OF BURNSTOWN.

July 20, 1886.

**Laying out Highways — Requisites of Appeal — Bond.—Filing of the duly-approved bond within the prescribed 30 days is a jurisdictional requisite of an effectual appeal, (in highway proceedings,) under Gen. St. 1878, c. 13, § 62, as amended by Laws 1881, c. 23, § 1.**

**Same—Objection to Jurisdiction.—***Klein* v. *St. Paul, M. & M. Ry. Co.,* 30 Minn. 451, (16 N. W. Rep. 265,) followed as to the proper time and manner of raising an objection to jurisdiction.

Appeal by Schwede from an order of the district court for Brown county, *Webber*, J., presiding, dismissing his appeal from an order of the board of supervisors of the town of Burnstown, laying out a highway.

*J. M. Thompson*, for appellant.

*Geo. W. Somerville*, for respondent.

BERRY, J.    1. By Gen. St. 1878, *c.* 13, § 62, as amended by Laws 1881, *c.* 23, § 1, where the amount of damages claimed (as in the case at bar) on account of laying out a highway exceeds $100, an appeal "may be taken within thirty days to the district court of the county in which such damages are sustained, by filing in the office of the clerk   *   *   *   a bond, to be approved by the judge of such district court, or the court commissioner or the county auditor of the county," and by service of a prescribed notice.    The appeal, being purely statutory, must be taken as the statute directs, and hence the filing of the duly approved bond within the 30 days is a jurisdictional requisite of an effectual appeal.    *Restad* v. *Town of Scambler*, 33 Minn. 515, (24 N. W. Rep. 197;) *State* v. *Fitch*, 30 Minn. 532, (16 N. W. Rep. 411;) *Klein* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 451, (16 N. W. Rep. 265;) *State* v. *Austin, ante*, p. 51; *Marsile* v. *Milwaukee & St. Paul Ry. Co.*, 23 Minn. 4; *Van Slyke* v. *Schmeck*, 10 Paige, 301; *Wait* v. *Van Allen*, 22 N. Y. 319.    If the approved bond is not filed in time, the statute makes no provision for remedying the defect, as in case of appeals from justices' courts or appeals to this court.

2. If it be conceded, as contended by appellant, that the respondent, in an appeal under section 62, *supra*, could, by general appearance, waive the lack of an approved and seasonably filed bond, so that the district court would, as a consequence of the waiver, have jurisdiction to proceed with the appeal, there is nothing to show any such general appearance in this instance.    The record shows that on a day named, at the call of the case, the respondent appeared, and gave notice of motion to dismiss, and that on the next day the motion, which was made upon the ground only that the bond was not approved in time, was heard and granted.    As remarked in *Klein* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 451, (16 N. W. Rep. 265,) "It was not necessary to enter a special appearance for that purpose.    It was enough

that, before proceeding to trial, or recognizing the jurisdiction of the court to so proceed, the respondent duly interposed its objection, and moved to dismiss solely on this ground."

The appeal was rightly dismissed, and the order of dismissal is accordingly affirmed.