## STATE EX REL. CITY OF MINNEAPOLIS v. CELINA BOUCHER.[1]

May 13, 1927.

No. 25,963.

**Requirements of statute giving appeal in condemnation proceeding must be complied with.**

1. In a proceeding under L. 1925, c. 417, the property owner, in a condemnation proceeding instituted by the city of Minneapolis, has no right of appeal from the determination of the city council to the district court unless he files his objections to the proceeding or to the award as required by the statute.

**Court does not acquire jurisdiction of appeal in absence of such compliance.**

2. When the statute provides a method of review by appeal the court does not acquire jurisdiction unless the appellant complies with the requirements of the statute giving an appeal.

Eminent Domain, 20 C. J. p. 1089 n. 32; p. 1094 n. 10 New.

Certiorari upon the relation of the City of Minneapolis to review an order of the district court for Hennepin county, Leary, J., refusing to dismiss respondent's appeal from an order of the city council in a condemnation proceeding. Reversed.

*Neil M. Cronin*, City Attorney, and *R. S. Wiggin*, Assistant City Attorney, for relator.

*Snyder & Gorham*, for respondent.

DIBELL, J.

Certiorari to review an order of the district court of Hennepin county refusing to dismiss an appeal of the respondent property owner from an order of the city council of Minneapolis confirming an assessment of damages and benefits in the condemnation of an alley for public purposes. The ground of the motion to dismiss was that the property owner, not having filed her objections on the hearing

[1]Reported in 214 N. W. 30.

before the committee of the council, as required by the statute, had no right of appeal to the district court.

1. The condemnation proceeding was had under L. 1925, p. 676, c. 417, which amended G. S. 1923, §§ 1553, 1554, 1555, 1558 and 1563. Under § 1553 as amended by § 1 of the 1925 act the council adopts a resolution for the proposed improvement and appoints five freeholders as commissioners to view the premises and award compensation and to assess benefits. They give published notice that at a time and on a date at least ten days after the first publication they will meet and view the property and award compensation and benefits. They file their report with the city clerk, and he then gives notice by publication to all interested parties. The notice contains descriptions of the property, the amounts awarded as compensation or as damages, the names of the owners, and fixes a place and time, not earlier than three weeks from the first publication, at which a committee designated by the board of park commissioners or by the council will meet to hear and consider objections to the making of such improvement, the amount of damages, the amount of benefits, and all claims of irregularities in the proceedings of the city council, the board of park commissioners, or the commissioners appointed to make the award. Immediately after the publication and at least two weeks prior to the time designated for the meeting of the committee the city clerk serves upon each of the owners a copy of the published notice by depositing the same in the post office, postage prepaid, in an envelope upon which are the words, "Notice of tax assessments for improvements affecting your property," directed to each of the owners at his last known place of residence, if known to the city clerk, otherwise as obtained from the records in the office of the county treasurer; but the failure to receive the notice does not invalidate the proceedings.

Any person whose property is to be taken or is to be assessed for benefits "shall file with said city clerk, at least one week before the hearing designated in such published notice, his written objection to the making of such improvement, or his objection to the damages awarded or benefits assessed, or his claim of said irregularities,

specifically designating the same, and a description of the property affected by such proceedings."

At the time of the hearing the city clerk presents to the committee the report of the commissioners "together with all written objections so filed with said city clerk," and the committee then considers them and hears the objectors or their representatives.

Within ten days from the conclusion of the hearing the committee files with the city clerk its report and recommendation, and upon such filing the city clerk gives notice that such report and recommendation have been filed and will be considered by the city council at a meeting designated in the notice, which notice is published for two consecutive weeks, the last publication at least two weeks before the meeting of the city council. The city council considers such report and may confirm or annul it.

The respondent did not file her objections as required by the statute. She appeared before the committee and was heard. She filed her objections some weeks later, but before the council confirmed the assessment.

By section 2 any person whose property is affected "shall have the right to appeal from such order of confirmation of the city council, to the district court of the county at any time within twenty days after such order." The appeal is made by serving a written notice of appeal upon the city clerk "which shall specify the property" affected and "refer to the objection filed as aforesaid." There is no pleading on the appeal, but the court determines whether there were irregularities prejudicial to the appellant "specified in his said written objections."

For present purposes it is unnecessary to consider the further provisions of the statute. It is our view that the statute conditions the right of appeal upon the filing of objections within the time specified. If we hold otherwise we disregard the various provisions relative to the objections made by the property owner, and eliminate the requirement that the notice of appeal shall refer to the objections, and the further provision that the trial in the district court on appeal shall be based upon the objections and not upon a new pleading.

Throughout the statute the requirement of filing of objections by the property owner is featured.

2. Under the constitution a man's property may not be taken in a condemnation proceeding without compensation or the land of another assessed for benefits without a judicial hearing. State ex rel. Hunt v. City of Montevideo, 142 Minn. 157, 171 N. W. 314. There is always a right of review in this court. County of Brown v. Winona & St. P. L. Co. 38 Minn. 397, 37 N. W. 949. The statute may provide a review by appeal, and if it does so and the conditions to the right of appeal are not observed, the court does not acquire jurisdiction. Klein v. St. Paul, M. & M. Ry. Co. 30 Minn. 451, 16 N. W. 265; Schwede v. Town of Burnstown, 35 Minn. 468, 29 N. W. 72; Runyon v. Alton, 78 Minn. 31, 80 N. W. 836. This is the situation in the case before us.

Order reversed.