IN RE CONDEMNATION OF CERTAIN AREA
IN AUSTIN, MINNESOTA.
CITY OF AUSTIN v. CLARENCE WRIGHT AND ANOTHER.

114 N. W. (2d) 584.

April 6, 1962—No. 38,382.

*Peterson, Peterson & Tuveson* and *Nichols & Gillard,* for appellants. *Rodney A. Dunnette,* for respondent.

NELSON, JUSTICE.

This appeal involves proceedings by the city of Austin, Minnesota, to condemn two tracts of land for a public parking lot instituted by resolution of the common council on June 20, 1960. Two landowners, Clarence and Floyd Wright, have appealed.

Notice of a public hearing to be held July 18, 1960, was published

in an official newspaper on July 2 and July 9. After the public hearing the city council duly passed a resolution to condemn the property and appointed commissioners to ascertain damages. Notice was published in the official paper on August 4 and August 11 advising that on August 30 the commissioners would view the property and determine damages.

The commissioners submitted their report to the city council on September 28, 1960. The hearing on this report was set for October 24 but was continued to November 21, on which date the council passed Resolution 4271 confirming the award of the commissioners. That resolution was thereafter published in an official paper on November 26 and December 3, 1960. The award was $16,820 for one tract and $16,348.10 for the other.

The record indicates that the city attorney mailed appellant Clarence Wright notice of the public hearing to be held July 18, which meeting he personally attended. On August 8, the city attorney mailed him a copy of the notice of the meeting of the commissioners to be held August 30, 1960. On October 12, 1960, the city attorney mailed copies of the commissioners' report and award to both appellants and at the same time notified them that the report would be acted upon by the council at a meeting to be held October 24. The city attorney on October 25 served notice upon both appellants that the city council had continued the matter to November 21, and that the council would act on the award at the meeting to be held November 21. Appellant Floyd Wright was present at the council meeting on November 21, 1960, when it confirmed the report and award of the commissioners. He was asked at the meeting if he had anything to say, but voiced no objection to the proceedings.

Appellants were represented by counsel throughout the proceedings after early September, and said counsel was provided with a copy of the commissioners' report and award and was personally notified of the meeting to be held October 24 and of the continuance to November 21.

Appellants appealed to the district court from the confirmation by filing notice of appeal with the city recorder on December 5, 1960. The city of Austin promptly moved to dismiss the appeal and the dis-

trict court granted the motion. The appellants appeal to this court from said order of the district court.

The condemnation proceedings in this case are governed by the provisions of the Austin City Charter and not the state condemnation laws. Chapter 8, § 9, of the Austin City Charter[1] appears to be controlling on the issues, which are:

---

[1]Austin City Charter, c. 8, § 9, provides: "Any person whose property is proposed to be taken, interfered with or assessed for benefits under any of the provisions of this chapter, and who deems that there is any irregularity in the proceedings of the council or action of the commissioners, by reason of which the award of the commissioners ought not to be confirmed, or who is dissatisfied with the amount of damages awarded to him for the taking of or interference with his property, or with the amount of the assessment for benefits to any property affected by such proceeding, may, at any time before such award or assessment shall be confirmed by the common council, file with the city recorder, in writing, his objection to such confirmation, setting forth therein specifically the particular irregularities complained of, and containing a description of the property affected by such proceedings, and if, notwithstanding such objections, the common council shall confirm the award and assessment, such person so objecting, shall have the right to appeal from such order of such confirmation to the district court of the County of Mower at any time within ten (10) days after the making of such order. Such appeal shall be made by serving a written notice thereof upon the city recorder of said city, which shall specify the property of the appellant affected by such award, and refer to the objection filed as aforesaid, and by also delivering to the said city recorder a bond to the City of Austin, executed by the appellant or some one on his behalf, with two or more sureties who shall justify in the penal sum of Fifty Dollars ($50.00), conditioned to pay all costs that may be awarded against the appellant. Thereupon the city recorder shall make out and transmit to the clerk of the district court of said county, a copy of the award of said commissioners as confirmed by the council, and of the order of the council confirming the same, and of the objections filed by the appellant as aforesaid, all certified by said city recorder to be true copies, within ten (10) days after the taking of such appeal. * * * There shall be no pleading upon such appeal, but the court shall determine in the first instance whether there was, in the proceedings, any such irregularity or omission of duty prejudicial to the appellant and specified in his said written objections, that as to him the award or assessment of the commissioners ought not to stand, and whether said commissioners had jurisdiction to take action in the premises. * * *"

(1) Did the failure of the appellants to serve their notice within 10 days from the date the award was confirmed by the city council prevent the district court from acquiring jurisdiction?

(2) Did the failure of the appellants to file written objections to the award with the city recorder prior to November 21, 1960, as required by c. 8, § 9, prevent the district court from acquiring jurisdiction?

The district court answered both of the foregoing questions in the affirmative, stating in the memorandum accompanying its order dismissing the appeal:

"The Common Council of the City of Austin, by resolution adopted on November 21, 1960, confirmed the award of the Commissioners. The notice of appeal was filed with the City Recorder on December 5, 1960. The appeal was not taken within ten days from the 'making of such order', and is therefore not timely. C. 8, Sec. 9.

"Further, the landowner failed to file his objections to the award as required by the City Charter. This appears to be a condition precedent to an effective appeal. [Citing State ex rel. City of Minneapolis v. Boucher, 171 Minn. 297, 214 N. W. 30.]"

Appellants contend that the order dismissing the appeal is contrary to law; that in construing c. 8, § 9, the court disregarded c. 5, § 2, of the charter which provides that ordinances, regulations, resolutions, and bylaws shall be published before they take effect;[2] that the court erred in construing the requirement of c. 8, § 9, that landowners file objections to the award as mandatory; and that the court further erred in holding that the time of appeal commenced to run from the date of the adoption of the resolution confirming the commissioners' report and award rather than from December 10, 1960, which they claim was

---

[2]Chapter 5 relates to the general powers and duties of the common council. Section 2 provides: "All ordinances, regulations, resolutions and by-laws shall be passed by an affirmative vote of a majority of the members of the common council present, by yeas and nays, which shall be entered upon the records of the council, approved by the mayor and attested by the city recorder, and published in the official paper of the city before they take effect, * * *."

the date of completion of the published notices. Publication of the resolution was made November 26 and December 3.

Chapter 8, § 9, clearly states:

"* * * such person so objecting, shall have the right to appeal from such order of such confirmation to the district court of the County of Mower at any time within ten (10) days *after the making of such order.*" (Italics supplied.)

Thus, according to the charter provision the 10-day period allowed for appeal shall commence as of the day the order is made. It does not mention publication nor does it mention the words "resolution" or "ordinance" but uses the words "order of confirmation." It is clear that the so-called "Resolution 4271" confirmed the report and award.

It was, in fact, an "order of confirmation," and the 10-day period within which appeal could be taken began to run on the date the report and award were confirmed. It is fair to assume that the city council out of an abundance of caution decided upon publication in the official city paper after making the order, since it was made in the form of a resolution as is evidenced by its title. Such publication, however, would have no bearing whatsoever on the appeal requirements of c. 8, § 9. Chapter 5, § 2, of the charter does not refer to, nor does it require, published notice of orders or orders of confirmation.

Counsel for appellants argues that an appeal period of 10 days deprived appellants of their constitutional rights. We are all familiar with various statutes allowing a 10-day period for appeals in the courts. Some administrative boards provide for 10 days to appeal from their decision. Anyone who complains of the limitation of 10 days for appeal in the present proceedings would have to present his complaint to the proper legislative tribunal and seek an amendment to the charter provision governing appeal herein.

In statutory condemnation proceedings brought by the state under Minn. St. 1953, § 117.20, prior to amendment thereof by L. 1957, c. 728, § 1,[3] commissioners were then, as now, appointed to appraise,

---

[3] L. 1957, c. 728, § 1, amended Minn. St. 1953, § 117.20, to require giving notice of the filing of the report to each respondent or his attorney

but after examining the property pursuant to notice to its owners they filed their awards without any further notice. Those who had the right of appeal had 30 days from the date of the filing of the report to do so.

The question of public necessity in such condemnation proceedings is purely legislative and the determination thereof by the legislative tribunal is reviewed on appeal by the courts only in the manner provided by statute. The property owner is entitled to a judicial hearing at some stage of the proceedings upon the question whether the use for which his property is to be taken is public, but he is not entitled to such hearing before the legislative tribunal. In the instant case it is the common council of the city which has been given the right to institute condemnation proceedings for certain purposes. We have held that the constitutional rights of the property owner are fully protected when an appeal is given from the decision of the legislative tribunal and, in the absence of such appeal, when the question of use may be reviewed by the courts on certiorari.

The provisions of the Austin charter expressly grant to that municipality the power of eminent domain, the exercise thereof being vested in the common council. Austin City Charter, c. 8, § 4; c. 7, § 1; c. 5, § 11. The charter provides that when the city council shall determine that it is necessary to exercise this power it shall appoint a committee to locate suitable ground and present a report describing the land proposed to be taken and any proposed improvements. Such report is filed, and published notice of its filing and of the council meeting at which it will be presented to the council is given. If the council decides to proceed further after receiving the report, it appoints three freeholders of the city as commissioners to view the premises and award damages. They must give notice of the time and place of their meeting to view the property and award damages. At that meeting all interested parties may offer evidence pertinent to the questions involved. The charter expressly gives the owner of private property the right to appeal to the district court where he may have a reassessment of dam-

---

by mail within 7 days from the date of its filing and to extend the time for appeal from 30 days to 40 days from the date of the filing of the report.

ages. Eminent domain by a municipal corporation under charter provisions has received careful consideration and analysis by this court in State ex rel. Hunt v. City of Montevideo, 142 Minn. 157, 171 N. W. 314.

In State ex rel. City of Minneapolis v. Boucher, 171 Minn. 297, 214 N. W. 30, a condemnation proceeding was instituted by the city under L. 1925, c. 417, which required that any person whose property was to be taken or assessed for benefits should file with the city clerk, at least one week before the hearing designated in a published notice, his written objection to the improvement or his objection to the damages awarded or benefits assessed.

Other required procedure outlined in that case was as follows (171 Minn. 299, 214 N. W. 31):

"At the time of the hearing the city clerk presents to the committee the report of the commissioners 'together with all written objections so filed with said city clerk,' and the committee then considers them and hears the objectors or their representatives.

"Within ten days from the conclusion of the hearing the committee files with the city clerk its report and recommendation, and upon such filing the city clerk gives notice that such report and recommendation have been filed and will be considered by the city council at a meeting designated in the notice, which notice is published for two consecutive weeks, the last publication at least two weeks before the meeting of the city council. The city council considers such report and may confirm or annul it."

The property owner in that case did not file her objections as required by the statute. She appeared before the committee and was heard but filed her objections some weeks later but before the council confirmed the assessment. The statute at that time provided that any person whose property was affected had the right to appeal from such order of confirmation of the city council to the district court of the county at any time within 20 days after such order. It was necessary to serve a notice of appeal upon the city clerk specifying the property affected and referring to the objection filed. There was no requirement of a pleading on appeal but it was for the court to determine

whether there were irregularities prejudicial to the appellant specified in his written objections. This court disposed of the appeal in that case by saying (171 Minn. 299, 214 N. W. 31):

"For present purposes it is unnecessary to consider the further provisions of the statute. It is our view that the statute conditions the right of appeal upon the filing of objections within the time specified. If we hold otherwise we disregard the various provisions relative to the objections made by the property owner, and eliminate the requirement that the notice of appeal shall refer to the objections, and the further provision that the trial in the district court on appeal shall be based upon the objections and not upon a new pleading. Throughout the statute the requirement of filing of objections by the property owner is featured.

"* * * The statute may provide a review by appeal, and if it does so and the conditions to the right of appeal are not observed, the court does not acquire jurisdiction."

This rule applies also to municipal charter provisions relating to condemnation. The appeal in the instant case must be taken in accordance with the provisions of the Austin charter which require the filing of objections. In this case appellants did not file written objections, and therefore the court did not acquire jurisdiction.

The requirement of c. 8, § 9, that objections to the award be filed with the city recorder is mandatory even though it may appear to be permissive. See, 17 Dunnell, Dig. (3 ed.) §§ 8954, 8979; State ex rel. Sawyer v. Mangni, 231 Minn. 457, 43 N. W. (2d) 775; State v. Jones, 234 Minn. 438, 48 N. W. (2d) 662; State v. Oliver Iron Min. Co. 207 Minn. 630, 292 N. W. 407. The language of this court in State ex rel. City of Minneapolis v. Boucher, *supra*, to the effect that the right of appeal is conditioned upon the filing of objections within the specified time is applicable in the instant case.

Several early Minnesota cases hold that where statutes governing condemnation proceedings provide a review by appeal and the conditions to the right of appeal therein are not observed, the court does not acquire jurisdiction. Klein v. St. Paul, M. & M. Ry. Co. 30 Minn. 451, 16 N. W. 265; Schwede v. Town of Burnstown, 35 Minn. 468, 29 N. W. 72; Runyon v. Alton, 78 Minn. 31, 80 N. W. 836.

In the more recent case of State, by Lord, v. Radosevich, 249 Minn. 268, 271, 82 N. W. (2d) 70, 72, following the Klein and Boucher cases, this court stated: "It is elementary that the right of appeal under our condemnation proceedings is governed by statute and that, unless the conditions prescribed by statute are observed, the court acquires no jurisdiction. The decision in this case must therefore rest on a determination of what is required by our statute."

Appellants lay great stress on Meadowbrook Manor, Inc. v. City of St. Louis Park, 258 Minn. 266, 104 N. W. (2d) 540, to support their contention that they were not afforded due and sufficient notice in the instant case to protect their right of appeal. We are unable to apply the holding in that case to the instant case since the facts are entirely different. Appellants here received due notice of all proceedings, as did their attorney, and they were at all times aware of what was going on. They can hardly complain of inadequate notice.[4]

There is no common-law requirement or any provision in the charter that a property owner in a condemnation proceeding must be given notice of the final order confirming or denying the commissioners' report and their award of damages. Appellants had previously received, as required, actual notice that the common council was going to act on November 21, 1960, to either deny or affirm the award of the commissioners.

Austin City Charter, c. 8, § 9, provides the requisites for taking an appeal in a condemnation proceeding and appellants cannot substitute a different procedure. The order of the court below must be affirmed.

Affirmed.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[4] As to adequacy of notice in assessment matters, see 13 Dunnell, Dig. (3 ed.) § 6879; Everington v. Board of Park Commrs. 119 Minn. 334, 138 N. W. 426.