## H. O. RASK v. TOWN BOARD OF HENDRUM.[1]

February 17, 1928.

No. 26,545.

**Statutory cartway established by town board not a private road.**

1. (a) A cartway established by a town board under the provisions of G. S. 1923, § 2585, subd. 1, is a public cartway and not a private road. It matters not that the principal benefit inures to one individual. Anyone so desiring may lawfully use it. The right to use, not the extent of the use, controls. The evidence shows a public necessity.

(b) The question as to whether the cartway should be established is one of policy, legislative in its nature.

**Judgment in proceeding under subdivision 2 not conclusive against proceeding under subdivision 1.**

2. The 1925 adverse judgment in a prior proceeding under G. S. 1923, § 2585, subd. 2, involving a proposed highway over the same route, does not make the matter here res adjudicata.

**Prior knowledge of one member did not vitiate action of town board.**

3. The action of the town board was not arbitrary simply because one member thereof had, prior to the hearing, acquired full knowledge as to conditions.

**Town board had jurisdiction to establish the cartway.**

4. The town board had jurisdiction to act upon the petition and establish the cartway.

Constitutional Law, 12 C. J. p. 891 n. 75.
Judgments, 34 C. J. p. 817 n. 83.
Private Roads, 32 Cyc. p. 368 n. 7 New, 14; p. 369 n. 15.

[1]Reported in 218 N. W. 115.

Plaintiff appealed from an order of the district court for Norman county, Watts, J. denying his motion for a new trial. Affirmed.

*Christian G. Dosland* and *Goodwin LeRoy Dosland,* for appellant.

*M. A. Brattland* and *James M. Witherow,* for respondent.

HILTON, J.

Appeal from an order denying plaintiff's motion for a new trial.

The town board of Hendrum in Norman county, under the provisions of G. S. 1923, § 2585, subd. 1, upon the petition of eight legal voters and freeholders of such town, filed February 14, 1927, duly made and filed its order on March 23, 1927, establishing the cartway two rods wide here in controversy. This cartway, if finally established, will extend from the farm of H. J. Rask through the farm of plaintiff to state highway No. 6. It will connect with no other highway. There is now no public highway permitting ingress to and egress from the H. J. Rask farm. Appeal was taken and a jury in the district court affirmed the action of the town board. No objection was made to the award of damages.

In 1902 plaintiff by deed conveyed a right of way for travel purposes one rod wide across his farm to H. J. Rask. Under the terms of the deed the grantee was required to keep and maintain necessary gates. In 1925 the town board of Hendrum, upon the petition of H. J. Rask, established, under the provisions of G. S. 1923, § 2585, subd. 2, a cartway two rods wide. On appeal to the district court, this action of the town board was vacated and set aside and judgment entered accordingly. The proposed cartway, the subject of the present suit, follows practically the same route as the private way granted by deed and the cartway involved in the 1925 litigation.

One member of the town board that established the cartway here in suit had been a tenant on the H. J. Rask farm for 16 years immediately prior to 1922 and hence was familiar with all conditions in advance of the hearing.

1. Appellant calls the cartway under consideration a "private road" and urges that it cannot be established under subd. 1. A consideration of the applicable statutory provisions convinces us that it will be a public cartway properly established thereunder. Al-

though the person principally benefited will be H. J. Rask, yet the public, without doubt, has an interest in having access to the farm in question. A determination of whether a way be public or private does not depend upon the number of people who use it, but upon the fact that everyone desiring to do so may lawfully use it. The right to use and not the extent of the use controls. Mueller v. Town of Courtland, 117 Minn. 290, 135 N. W. 996; Trout Brook Realty Co. v. Town of Featherstone, supra, p. 448; Sherman v. Buick, 32 Cal. 242, 254, 91 Am. D. 577; Butte, A. & P. Ry. Co. v. Montana U. Ry. Co. 16 Mont. 504, 41 P. 232, 31 L. R. A. 298, 50 A. S. R. 508.

The question as to whether this cartway should be established is one of policy, legislative in its nature. Rolf v. Town of Hancock, 167 Minn. 187, 208 N. W. 757. The verdict must stand unless we find that it was arbitrary and in disregard of the best interests of the public, or upon an erroneous theory of the law, or that the evidence is practically conclusive against it. Bennett v. Beaty, 156 Minn. 293, 298, 194 N. W. 627, and cases cited; Mueller v. Town of Courtland, 117 Minn. 290, 135 N. W. 996; M. & St. L. R. Co. v. Village of Hartland, 85 Minn. 76, 79, 88 N. W. 423.

It was the duty of the town board to pass upon the question of public interest and necessity. Its determination in that regard was affirmed by the jury. The evidence shows that the present private way is unsuitable and unsafe and the new one necessary in the public interest.

2. Plaintiff claims that the subject matter of this litigation is res adjudicata because of the determination in the 1925 suit hereinbefore referred to. With this contention we do not agree. That litigation arose out of a petition, made by H. J. Rask alone, for a cartway under the provisions of subd. 2. The proceedings in the instant case were instituted by eight voters and freeholders of the town under subd. 1. In the former case, the damages, if any, were to be borne by the petitioner. In the present case only one-half of the damages is to be paid by him.

Then, too, the question as to whether the judgment in the previous action barred the institution of the present proceeding is settled by G. S. 1923, § 2583, subd. 8, which reads:

"The determination of a town board refusing to establish, alter or vacate any road shall be final, unless appealed from, for one year from the filing of its order; and no petition for establishing, altering or vacating such road shall be acted upon within the time aforesaid. In case its determination granting a petition is appealed from and reversed, it shall not within one year from date of such determination entertain a petition having the same or a similar object."

More than one year elapsed between the date of the previous judgment refusing to establish the cartway and the filing of the petition in this proceeding.

3. The fact that one member of the town board had first-hand information as to the private way granted by deed, gained by living as a tenant on the H. J. Rask farm for 16 years prior to 1922 and knew before the hearing that this cartway was necessary, does not make the action of the town board arbitrary.

"It is suggested that members of the town board had preconceived views as to the propriety of vacating the highway and that the question of vacation was an issue in the town election. The question of legislative or administrative policy may be made an issue before the voters. Often it is. The officers elected need not have the unbiased attitude of jurors, nor are they elected as judges." Rolf v. Town of Hancock, 167 Minn. 187, 208 N. W. 757.

4. The claim that the town board had no jurisdiction to act upon the petition in this case, based as it is upon the previous contentions of plaintiff, cannot be sustained.

Order affirmed.