IN RE APPEAL OF HARVEY C. SOWERS AND OTHERS.[1]

July 6, 1928.

No. 26,761.

**Action of town board in establishing town road was not improper.**

1. Upon the record, *held* that town board in ordering the establishment of a town road did not act arbitrarily, oppressively, fraudulently or unreasonably.

**Owner of easement not entitled to damages when public road is established.**

2. When a person having an easement to travel over a strip of ground improves it as a road, it does not follow that he is to be paid damages when such strip of land is included in a public road.

**When jurisdiction of town board to establish town road over Indian land cannot be questioned.**

3. In a proceeding before a town board to establish a road in part over lands held by the government in trust for certain Indians to whom the land has been allotted, a property owner not interested in such lands cannot question the jurisdiction of the board.

Eminent Domain, 20 C. J. p. 657 n. 51.
Highways, 29 C. J. p. 424 n. 45; p. 432 n. 88.

See 2 L.R.A.(N.S.) 598; 10 R. C. L. 140.

[1]Reported in 220 N. W. 419.

Five landowners appealed to the district court for Cass county from an order of the town board of Pine Lake township establishing a town road and assessing damages. The order of the board was affirmed, and appellants Harvey C. Sowers and James E. Stoddart appealed from an order, Wright, J. denying their motion for a new trial. Affirmed.

*Edward L. Rogers*, for appellants.

*Daniel DeLury*, for respondent.

WILSON, C. J.

Appeal from an order denying appellants' motion for a new trial. The town board of Pine Lake township in Cass county made an order establishing a town road. Five landowners appealed to the district court, where the final order of the town board was affirmed.

What is known as Diamond Point extends northerly into Leech Lake. From the northerly point thereof the shore line is government lots 3, 4, 5 and 6 in section 3.

One Merritt owns lot 6, which is substantially the southwest quarter of the southwest quarter of section 3. Harvey C. Sowers and James E. Stoddart are the appellants in this court. Sowers owns the south 560 feet of lot 5 adjoining lot 6 on the north, and Stoddart owns 6 acres adjoining Sowers on the north. Next to the north is one Kennedy, then Emma Carnahan, and then Dr. Miner and one or two others. This property is used for lake or summer homes. It is located in the woods. For many years a trail has crossed these lots in an irregular and tortuous course from the southwest to northeast which was detrimental to the building sites.

Sowers acquired from Merritt an easement over the east one rod of lot 6. Merritt also gave a similar easement to Miner. Sowers and Kennedy built a road on the east rod of lot 6 and 460 feet north on the east rod of lot 5. They removed the trees, graded and graveled at an expense of $911. Stoddart has acquired Kennedy's rights therein. Sowers · treated the easement as exclusive and closed the road with gates which he locked and furnished keys to those whom he permitted to use the road. He refused others who would not pay for the privilege.

The town board established a four-rod road from state highway 34 at the southwest corner of the east half of the southwest quarter of section 3, which extends from the southeast corner of lot 6 to the northeast corner of lot 5 one-half mile, thence to the east one-fourth mile, thence north about three-fourths mile to shore of lake. This includes the private road. The east half of the north and south road is located on Indian allotment land.

1. If the board acted arbitrarily or against the best interest of the community in establishing the road, its conclusion could not stand. Rolf v. Town of Hancock, 167 Minn. 187, 208 N. W. 757; Rask v. Town Board of Hendrum, 173 Minn. 572, 218 N. W. 115. The rule is the same as is applied to county boards in attaching or detaching territory relating to school districts, relative to which the authorities are collected in Packard v. Board of Co. Commrs. 174 Minn. 347, 219 N. W. 289. It cannot be said from the record before us that the board acted arbitrarily, oppressively, fraudulently, or unreasonably.

2. Appellants in this court insist that they should have been awarded damages for their rights in the east rod of lot 6. This was an easement which is property, and when taken for public use the owner is entitled to compensation therefor. But the taking in such case must be real, actual and involve a loss.

In this case all the appellants had in this strip of land was the privilege of using it. The inclusion of this strip in the public road did not take from them the right to use this strip of land. Their privilege now extends to four rods instead of one. The broadening of the easement to the public generally did not in law destroy or take away their privilege. Sanborn v. City of Minneapolis, 35 Minn. 314, 29 N. W. 126. They did not own the property nor could they appropriate it for any use other than a right of way. Now they will not have the burden of maintenance.

3. A portion of the land included in the proposed road is held by the United States government in trust for certain Indians to whom the land has been allotted. Because of this the appellants claim that the township had no jurisdiction to entertain the petition.

The secretary of the interior is authorized to grant permission for the opening and establishment of public roads in accordance with the laws of the state where the land is situated. 25 USCA, § 311. Perhaps this statute means that no application to the department of interior is necessary if the application for the road is denied. But where the local authorities allow the road it becomes necessary to comply with the formalities of this statute before the road is actually opened. That point has not yet been reached. However it may be the appellants are not in a position to question the jurisdiction of the board to act because of the Indian lands. There was jurisdiction of the subject matter, and the mere fact that notice has not been given to some property owners does not vitiate the entire proceeding. Town of Tyrone v. Burns, 102 Minn. 318, 113 N. W. 695. This is analogous to the holding on a petition for an assessment for stockholders' constitutional liability that the stockholders cannot resist the application because of failure to give notice to a nonresident stockholder. Kuhlman v. Granite City Inv. Corp. 174 Minn. 166, 218 N. W. 885. Whatever may be the eventual result as between the board and the government does not mean that the present proceedings are not now binding upon appellants, who are not interested in such lands.

Affirmed.