Robert W. Reutiman, Jr., Wayzata, for respondent.

George C. Riggs, Hyatt Legal Services, Brooklyn Center, for appellant.

Considered and decided by CRIPPEN, P.J., and WOZNIAK, and MULALLY,* JJ., with oral argument waived.

## MEMORANDUM OPINION

WOZNIAK, Judge.

### FACTS

In March 1986, Holly Gutsch brought a claim in Hennepin County Conciliation Court against Hyatt Legal Services (HLS) for its failure to perform legal services as contracted. A referee heard the matter and awarded Gutsch $1,496. Nothing in the record indicates the basis for the referee's award. HLS then removed the ac-

---

**Holly Christine GUTSCH, Respondent,**

v.

**HYATT LEGAL SERVICES, Appellant.**

**No. C1-86-1946.**

Court of Appeals of Minnesota.

April 7, 1987.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

tion to district court pursuant to Minn.Stat. § 488A.17, subd. 1 (1986), for a trial de novo. Just before trial, the judge tried to persuade the parties to settle, stating:

I try to, on these appeals—it doesn't make everybody happy and the Court obviously—you know, a District Court judge doesn't like to hear Conciliation Court appeals, but unfortunately, we have inherited them because of the wisdom of our Legislature and the higher Court.

The parties were unable to settle, however, and the trial began.

Gutsch testified that she paid HLS $497 to handle her uncontested divorce, which included the transfers of title to two pieces of property in St. Louis County that she owned jointly with her husband. Gutsch claimed that after she and her husband signed the necessary papers, HLS told her she could leave the state, that she did not have to appear in court, and that her divorce would be final in about six months. Gutsch then moved to Alaska where, she said, HLS called her six months later to say there had been a mistake and that she had to appear before a judge to complete her dissolution. She drove 4,500 miles back from Alaska to appear at a default hearing.

As part of the dissolution decree, the two parcels of property were to be transferred by quit claim deed, one going to Gutsch and the other to her former husband. Apparently, he could not be located to sign the deed. A provision in the decree, however, authorized the county recorder to accept a certified copy of the court's dissolution order as a conveyance of her former husband's interest upon his failure to sign deed.

Gutsch testified that she received nothing concerning the transfer of the property to her. She contacted HLS and was told that the county recorder in St. Louis County would not accept the order in the dissolution decree as a conveyance because the property was torrens property. HLS also told her that, unless she could locate her former husband to sign a quit claim deed, it would cost an additional $800 to properly transfer title in a proceedings subsequent. Gutsch protested, claiming that this service was part of the initial contract for which she had already paid. HLS told her it would be less expensive if she retained an attorney in Duluth to handle the transfer. She did so at a cost of approximately $600.

After Gutsch presented her case, HLS called as its first witness the attorney who first met with Gutsch, whereupon the following exchange occurred:

THE COURT: I don't know what you want to call her for, Counsel.

HLS: Your Honor—

THE COURT: I don't care about quit-claim deeds or anything. Hyatt Legal Services performed the services for this lay person. The order says transfer of the property shall be made in that county with or without quitclaim deed. You have an obligation when you get a final order of a district judge to file it. It isn't supermarket service in the legal profession. The order of the Conciliation Court shall be affirmed.

HLS asked to make an offer of proof which the court granted. HLS said its evidence would show that its attorney, who was present to testify, was experienced and qualified in dissolution matters, that Gutsch's credibility was questionable on a number of points, and that HLS did not draft any deeds. The court interrupted, saying no deeds were necessary. HLS attempted to explain its position, but the court ended the proceeding, advising HLS to take an appeal.

**DECISION**

 HLS exercised its right under Minn.Stat. § 488A.17, subd. 1 to remove the action from conciliation court to district court for a trial de novo. The right to a trial includes the right to be heard, to produce witnesses and documents, to examine and cross-examine witnesses, to present arguments, and to have the case decided upon the merits. *State ex rel. Spurck v. Civil Service Board*, 226 Minn. 240, 247, 32 N.W.2d 574, 579 (1948). The object of a trial is to secure a fair and impartial admin-

istration of justice between the parties to the litigation. *Hansen v. St. Paul City Railway Co.*, 231 Minn. 354, 360, 43 N.W.2d 260, 264 (1950). The responsibility of striving for an atmosphere of impartiality during the course of a trial rests upon the trial judge whose conduct must be fair to both sides. *Id.*

Here, the trial court denied HLS the fundamental rights which inhere in the right to a trial. HLS was given no meaningful opportunity to be heard. The case is therefore remanded for reassignment by the chief judge of the district for a new trial before a judge other than the original trial judge.

Reversed and remanded.