Robert Lewis **BETTES**, Vanessa Gray, Respondents,

v.

Carolyn **FUEL–SCOTT**, Appellant.

No. C4–87–896.

Court of Appeals of Minnesota.

Nov. 24, 1987.

Robert Lewis Bettes, pro se.

Vanessa Gray, pro se.

Gregory G. Brooker, Legal Advice Clinic, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Carolyn Fuel–Scott appeals from a judgment entered in Hennepin County District Court awarding respondents $600 plus costs. Fuel–Scott claims (1) the trial court's findings of fact and conclusions of law were insufficient as a matter of law, and (2) she was denied her fundamental right to be heard in the trial.

## FACTS

Respondents have not filed a brief. Pursuant to Minn.R.Civ.App.P. 142.03, this matter is decided on the merits.

In May 1986, appellant Carolyn Fuel–Scott received a summons and notice of trial. Respondents Robert Lewis Bettes and Vanessa Gray alleged they were the owners of two televisions and a stereo worth $1848 and that appellant had wrongfully taken these items from them. The matter was heard in conciliation court on July 23, 1986, and respondents were awarded $900. Appellant removed the action to district court for a trial de novo pursuant to Minn.Stat. § 488A.17, subd. 1 (1986).

The case came to trial on November 24, 1986. Respondent Vanessa Gray testified she was living with appellant prior to the time she left her television and stereo in appellant's locked garage. She testified she returned later to pick up the equipment and the items were gone, and that the fair amount of her loss was $1848.

In his opening statement, appellant's attorney stated that appellant's garage was

locked at the time respondent came to pick up the equipment and his client "had no idea" where the two televisions and stereo were. Appellant began her testimony, stating that respondents left their color televisions and stereo in the garage, and when Bettes and Gray returned to pick up the items, the equipment was gone and respondents accused her of stealing them. Appellant was not allowed to explain where she placed the items, or to offer rebuttal to respondent's accusations, as her testimony was cut off by the judge after approximately ten minutes. Appellant argues that her right to be heard was violated and she was not afforded a meaningful opportunity to present her case. She also argues that the trial court's findings were deficient as a matter of law.

## ISSUES

1. Did the trial court err in refusing appellant the opportunity to present her case at trial?

2. Did the trial court err in awarding respondent $600 without making findings of fact or conclusions of law?

## ANALYSIS

### I.

■ Appellant argues that she was denied a meaningful opportunity to present her case. She removed the action from conciliation court to district court for a trial de novo. The right to a trial includes the right to be heard, to produce witnesses and documents, to examine and cross-examine witnesses, to present arguments, and to have the case decided upon the merits. *State ex rel. Spurck v. Civil Service Board,* 226 Minn. 240, 247, 32 N.W.2d 574, 579 (1948). *See also Gutsch v. Hyatt Legal Services,* 403 N.W.2d 314, 315–16 (Minn.Ct.App.1987).

■ Appellant was allowed to take the stand to testify for approximately ten minutes and to answer about ten questions on the substance of the lawsuit. She was not

allowed an adequate opportunity to explain her side of the story and the circumstances surrounding the missing equipment. The trial court erred in failing to afford her a meaningful right to be heard by ending the proceeding prematurely.

### II.

Minn.R.Civ.P. 52.01 requires that a trial court judge acting without a jury make findings of fact and conclusions of law. Although rule 52.01 states that findings of fact and conclusions of law are unnecessary in decisions on motions, it clearly requires that findings of fact and conclusions of law be made by a court when deciding a case on the merits.

> The purpose of requiring findings is to permit meaningful review upon appeal and it is therefore necessary that trial courts find facts and state conclusions clearly and specifically.

Minn.R.Civ.P. 52.01, Advisory Committee Note.

■ In granting plaintiff relief for $600, the district court did not make findings of fact or conclusions of law. The sole statement of the court is contained in its order: "That judgment be entered in favor of Plaintiff in the amount of $600.00 plus costs." This statement does not reveal the legal basis of the decision or the court's reasoning in awarding plaintiff $600.[1]

There is a narrow exception to the requirement of specific findings by the trial court. Generally,

> where the record is reasonably clear and the facts not seriously disputed, the judgment of the trial court can be upheld in the absence of trial court findings made pursuant to Rule 52.01. * * * However, where the record is not clear and the facts are in dispute, findings of fact * * * should be made.

*Roberson v. Roberson,* 296 Minn. 476, 478, 206 N.W.2d 347, 348 (1973). The present case does not come within this exception. There were material facts in dispute and

---

1. The rule of liability for a gratuitous bailee is somewhat unclear, but such bailees are generally liable only for gross negligence or conduct showing a lack of good faith. *See Dow–Arneson Co. v. City of St. Paul,* 191 Minn. 28, 253 N.W. 6 (1934).

the trial court did not allow the record to be fully developed. The lack of findings clearly inhibits this court's ability to review the court's actions. The trial court's failure to make findings of fact and conclusions of law constitutes error requiring reversal and remand.

### DECISION

The trial court erred in refusing appellant the opportunity to present her case at trial and in failing to make the requisite findings of fact and conclusions of law.

Reversed and remanded.