Rodney C. HORTON, Appellant,

v.

TOWNSHIP OF HELEN, McLEOD COUNTY MINNESOTA, Respondent.

No. C4–00–1480.

Court of Appeals of Minnesota.

April 3, 2001.

Francis J. Eggert, Winsted, MN, (for appellant).

Peter B. Tiede, Nancy A. Proffitt, Murnane, Conlin, White & Brandt, P.A., St. Paul, MN, (for respondent).

Considered and decided by TOUSSAINT, Chief Judge, STONEBURNER, Judge, and PORITSKY, Judge.*

## OPINION

STONEBURNER, Judge

Appellant Rodney Horton appeals from summary judgment granted to respondent Township of Helen on his petition for a ·writ of mandamus to compel the township to establish a cartway pursuant to Minn. Stat. § 164.08, subd. 2 (2000). The township's motion was based on the merits and on the assertion that the district court lacked subject-matter jurisdiction because Horton should have appealed directly to this court. The district court had jurisdiction, and because the township's denial of the petition was not clearly against the evidence, based on an erroneous theory of law, or arbitrary, capricious and against public interest, we affirm.

## FACTS

The parties do not dispute the following facts. Appellant Rodney C. Horton owns real property located in the Township of Helen (township) in McLeod County. Horton's property is directly adjacent to a township road. Horton petitioned the township for a cartway (historically, a rough roadway for carts but not carriages or other spring-vehicles) to connect his

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

land with the township's road, pursuant to Minn.Stat. § 164.08, subd. 2 (2000).

Following a hearing, the township (acting through the town board) denied Horton's petition. Horton then petitioned the district court for a writ of mandamus to compel the township to grant his petition. The township moved for summary judgment. The district court found that material issues of fact existed, denied the motion for summary judgment, and remanded the action with directions that the township establish an "appealable record" so that the mandamus issue could be determined as a matter of law.

At the hearing after remand, Horton submitted several exhibits in support of his request, and audience members and members of local county agencies spoke on the issue. The hearing focused, in part, on whether Horton had access to his property from the township road. Horton stated that he could access the property by means of a horse, a snowmobile, or all-terrain vehicle, but argued that this was not effective access. He also argued that his access was less than two rods in width. After some discussion, the township continued the hearing to accommodate a viewing of the property with Horton and other affected landowners. After viewing the property, the township reconvened the hearing and voted to deny Horton's cartway petition. The township made the following findings to support the denial:

> At the point of road right-of-way there is 33 feet
>
> There is access that has been used by Horton * * *
>
> Horton is not landlocked

> Offer was made for an easement but was not accepted by Horton
>
> The laws were in place regarding the driveway when the land was purchased
>
> The Buyer must beware.

Based on this record, the township again moved for summary judgment, arguing: (1) the district court did not have jurisdiction because Horton should have proceeded by petition for writ of certiorari to this court; (2) mandamus relief was inappropriate; and (3) no evidence indicated the township's decision was arbitrary or capricious, or contrary to applicable law. The district court granted the motion without comment.[1] Horton appeals.

## ISSUES

I.  Did the district court have subject-matter jurisdiction?

II. Was the township's refusal to grant the cartway clearly against the evidence, based on an erroneous theory of law, or arbitrary and capricious and against the public's best interest?

## ANALYSIS

On appeal from summary judgment, we review the record to determine whether there are any genuine issues of material fact, and whether the district court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990) (citation omitted); *Oak Park Dev. Co. v. Snyder Bros. of Minn., Inc.*, 499 N.W.2d 500, 504 (Minn.App.1993). We view the evidence in favor of the party against whom summary judgment was granted. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

1. Horton argues that the district court erred in granting the township's motion without findings of fact and conclusions of law, but provides no authority for this proposition. Under the Minnesota Rules of Civil Procedure, the district court is not required to make findings of fact in granting or denying a motion for summary judgment. Minn. R.Civ.P. 52.01. In the absence of findings, this court may nevertheless affirm summary judgment if "the record is reasonably clear and the facts not seriously disputed." *Bettes v.. Fuel–Scott*, 415 N.W.2d 409, 411 (Minn. App.1987) (quoting *Roberson v. Roberson*, 296 Minn. 476, 478, 206 N.W.2d 347, 348 (1973)). Horton also argues it was error for the district court to allow the township to ·file a second summary judgment motion. This argument, too, is without merit.

To defeat a motion for summary judgment, the "nonmoving party must offer significant probative evidence tending to support its complaint." *Carlisle v. City of Minneapolis,* 437 N.W.2d 712, 715 (Minn.App. 1989) (citation omitted). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997) (quotation omitted). This court will affirm a grant of summary judgment if it can be sustained on any ground. *Winkler v. Magnuson,* 539 N.W.2d 821, 828 (Minn.App.1995).

## I. Subject–Matter Jurisdiction

Horton sought a writ of mandamus from district court after the township denied his petition for a cartway. The township argues that the district court did not have subject-matter jurisdiction. We review the issue of subject-matter jurisdiction de novo. *Federal–Hoffman, Inc. v. Fackler,* 549 N.W.2d 93, 96 (Minn.App. 1996), *review denied* (Minn. Aug. 20, 1996). The township claims that the district court lacked subject-matter jurisdiction because the township's decision to grant or deny a cartway petition constitutes a quasi-judicial function, reviewable only by writ of certiorari to this court. We disagree. The establishment of a cartway constitutes quasi-legislative action. *See Rask v. Town Bd. of Hendrum,* 173 Minn. 572, 574, 218 N.W. 115, 116 (Minn.1928) (indicating question of whether cartway should be established is "one of policy, legislative in its nature"); *see, e.g., Lafayette Land Co. v. Village of Tonka Bay,* 305 Minn. 461, 463, 234 N.W.2d 804, 805 (1975) ("It has long been the rule in this state that the decision of whether to open a street is vested in the legislative discretion of the municipality."); *Lieser v. Town of St. Martin,* 255 Minn. 153, 158, 96 N.W.2d 1, 5 (1959) (recognizing town board "acts in a legislative capacity" when it acts on petition for town road). Certiorari to this court is an "extraordinary remedy" only available to review judicial or quasi-judicial proceedings and actions. *Honn v. City of Coon Rapids,* 313 N.W.2d 409, 414 (Minn.1981). It is not available to review legislative actions. *Id.*

The township also argues that establishment of a cartway is discretionary, as opposed to mandatory, and that a writ of mandamus will not compel performance of a discretionary action. The township is mistaken; where the statutory conditions exist, the establishment of a cartway is mandatory, not discretionary:

> The settled construction of the statute is that it is the mandatory duty of a town board to establish a cartway upon petition of a landowner where the statutory conditions exist * * *.

*State ex rel. Rose v. Town of Greenwood,* 220 Minn. 508, 514, 20 N.W.2d 345, 348 (1945). Where a petitioner satisfies all the criteria under the cartway statute, a town board must establish a cartway. Here, Horton failed to demonstrate that his access to the public road was less than two rods (33 feet) in width.

Because establishment of a cartway is a quasi-legislative action, certiorari to this court is not appropriate for review of denial of a cartway petition. Horton properly sought review by way of petition for a writ of mandamus to the district court.

## II. Denial of Horton's petition for a cartway.

Under Minnesota law, if a landowner petitions for a cartway, a township must establish the cartway if the landowner's access to a public road is less than two rods (33 feet) in width or the landowner's property is landlocked:

> Upon petition presented to the town board by the owner of a tract of land containing at least five acres, who has no access thereto except over the lands of others, or whose access thereto is less than two rods in width, the town board by resolution *shall* establish a cartway at least two rods wide connecting the petitioner's land with a public road.

Minn.Stat. § 164.08, subd. 2(a) (2000) (emphasis added); *see* Minn.Stat. § 645.44,

subd. 16 (2000) (stating " '[s]hall' is mandatory"). A town board that grants or refuses a cartway petition acts in a legislative capacity and will be reversed on appeal only when (1) the evidence is clearly against the decision, (2) an erroneous theory of the law was applied, or (3) the town board acted arbitrarily and capriciously, contrary to the public's best interest. *Lieser*, 255 Minn. at 159, 96 N.W.2d at 5–6; *Rask*, 173 Minn. at 574, 218 N.W. at 116. "When judicially reviewing a legislative determination, the scope of review must necessarily be narrow." *Sun Oil Co. v. Village of New Hope*, 300 Minn. 326, 333, 220 N.W.2d 256, 261 (Minn. 1974). Generally, this court will affirm even though we may have reached a different conclusion. *Cable Communications Bd. v. Nor–West Cable Communications P'ship*, 356 N.W.2d 658, 669 (Minn. 1984).

Here, the township made findings and determined that Horton fails to qualify for a cartway because "[a]t the point of road right-of-way there is 33 feet," and "Horton is not landlocked." Horton has not presented any evidence to dispute the township's finding that the area where his property meets the township road is 33 feet wide.[2] The evidence also supports the township's determination that Horton is not required to cross neighboring properties to access the township's road. Given our deference to the township's decision in these matters, we conclude that the township's refusal to grant Horton's petition is not clearly against the evidence, based on an erroneous theory of law, or arbitrary and capricious and against the public's best interest. The district court did not err in granting summary judgment to the township and denying Horton's petition for a writ of mandamus to compel the township to establish the cartway.

**2.** Horton argued, and the township concedes, that his property line ends at the center of the township road and that at that point it is narrower than 33 feet. Horton, however,

## DECISION

The district court had jurisdiction, but summary judgment for the township was appropriate where the township's denial of Horton's petition for a cartway was not clearly against the evidence, based on an erroneous theory of law, or arbitrary, capricious or against the public's best interest.

**Affirmed.**

does not access the road at its center. The evidence supports the township's finding of 33 feet at Horton's point of access to the road.