*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1012**

Vernon G. Muggli,
Appellant,

vs.

Leiding Township,
Respondent,

Kenneth Brokaw, et al.,
Defendants.

**Filed February 26, 2024
Affirmed
Ross, Judge**

St. Louis County District Court
File No. 69VI-CV-22-487

Blake D. Lubinus, Ed Shaw Law, Brainerd, Minnesota (for appellant)

Jason J. Kuboushek, Andrew A. Wolf, Iverson Reuvers, Bloomington, Minnesota (for respondent)

Considered and decided by Schmidt, Presiding Judge; Ross, Judge; and Gaïtas, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

Kenneth Brokaw and Theodore Brokaw own a landlocked rural parcel that borders appellant Vernon Muggli's parcel, which abuts a public road. Respondent Leiding Township granted the Brokaws' petition to establish a cartway across Muggli's land based

on Minnesota Statutes section 164.08 (2022), to give the Brokaws' parcel access to the road. Muggli sued the township to challenge its cartway decision, and the district court granted summary judgment, affirming the cartway decision. Muggli argues on appeal that the township was not authorized by law to establish the cartway because the Brokaw lot already had public-road access by an easement and that the township's decision to reject Muggli's alternate route was arbitrary and capricious and contrary to the public's interest. Because Muggli failed to make his existing-easement argument to the township and because the township's decision to grant the proposed cartway route is supported by the record, we affirm.

## FACTS

Kenneth Brokaw and Theodore Brokaw own a 9.72-acre undeveloped lot in Leiding Township. This lot sits just north of another 6.7-acre lot that Kenneth Brokaw owns. For the purpose of this opinion, we refer to these two Brokaw parcels together as a single lot. The Brokaw lot does not abut or have immediate access to a public roadway. It sits immediately south of Vernon Muggli's lot, which abuts and accesses Slade Road.

The Brokaws petitioned Leiding Township under Minnesota Statutes section 164.08, subdivision 2, to establish a cartway across Muggli's property to allow their parcel to access Slade Road. The town board held a hearing on the petition, first inspecting the proposed cartway route and Muggli's suggested alternative route and then returning to the town hall to discuss the petition. The Muggli family attended the inspection and hearing, along with a representative. Muggli opposed the cartway petition. His representative contended that the Brokaw family parcel is not landlocked because they can put a road on

state DNR land. The representative also argued that the board could not say there was a wetlands issue without an environmental survey, and that the cartway would damage the Muggli property by dividing it and making it more difficult to build on.

The town board members voted unanimously to grant the proposed cartway and to award the Mugglis $792 in damages. The board memorialized its cartway decision by resolution:

> That the Town Board finds that there is not a route from a public road to Petitioners' property that is less damaging or less disruptive to the property ownership of others than the route proposed by Petitioners . . . . In fact, the proposed cartway route follows the route Petitioners have used for many years to access their property, so there is a cleared driving surface on the cartway route. The alternate route proposed by the affected landowner crosses low lying terrain that appears to be wetlands and would not be a feasible access or consistent with the public's best interest.

Muggli filed a civil complaint in district court to challenge the township's decision. The township successfully moved the district court to grant summary judgment affirming the cartway decision. Muggli appeals.

**DECISION**

Muggli challenges the district court's summary-judgment decision. We review *de novo* the district court's grant of summary judgment, determining whether any genuine issues of material fact prevent judgment as a matter of law. *Montemayor v. Sebright Prods., Inc.*, 898 N.W.2d 623, 628 (Minn. 2017); *see* Minn. R. Civ. P. 56.01. A town board's decision to grant or deny a cartway petition is a legislative action that will withstand judicial review unless the record evidence clearly contradicts the decision, the board

3

applied an erroneous theory of law, or the board's decision was arbitrary and capricious and contrary to the public's best interest. *Horton v. Township of Helen*, 624 N.W.2d 591, 595 (Minn. App. 2001), *rev. denied* (Minn. June 19, 2001). Our *de novo* review leads us to affirm the district court's summary-judgment order affirming the township's cartway decision.

Muggli raises two issues in his challenge on appeal. He argues first that the township improperly granted the cartway petition because the Brokaws had access to a public road through an easement. He argues second that the district court erred by granting summary judgment because the township acted arbitrarily, capriciously, and contrary to the public's best interest in granting the cartway petition. Neither argument is persuasive.

Muggli unconvincingly contends that the township should have denied the cartway petition because the Brokaw parcel already had access to a public road through an easement. The controlling statute requires a town board to issue a resolution "establish[ing] a cartway at least two rods wide connecting the petitioner's land with a public road" if the petitioning owner "has no access thereto except over a navigable waterway or over the lands of others." Minn. Stat. § 164.08, subd. 2(a). Muggli asserts that, because an easement elsewhere gave the Brokaw parcel access to the public road, the statute did not authorize the township to establish a cartway across his land. *See Roemer v. Bd. of Supervisors of Elysian Twp.*, 167 N.W.2d 497, 499–500 (Minn. 1969) (recognizing that a town board cannot grant a cartway to a petitioner who has a legally enforceable easement or right-of-passage to a public road). But we do not reach the merits of Muggli's easement argument. "When the municipal proceedings were fair and the record clear and complete, review is

4

on the record." *Mendota Golf, LLP v. City of Mendota Heights*, 708 N.W.2d 162, 180 (Minn. 2006). Although Muggli raised the argument in the district court, he failed to raise it before the town board. He offered no evidence of a potential easement elsewhere and never even asserted that one existed. The district court correctly concluded that Muggli's argument was not properly before it.

Muggli's alternative argument is also unconvincing. He maintains that the township acted arbitrarily and capriciously and not in the best interest of the public by failing to give "due consideration to the alternative routes suggested." According to the statute, "[t]he town board may select an alternative route other than that petitioned for if the alternative is deemed by the town board to be less disruptive and damaging to the affected landowners and in the public's best interest." Minn. Stat. § 164.08, subd. 2(a). We first observe that, even if the board deemed an alternative route to be less disruptive and less damaging to the affected landowner and in the public's interest, the statute affords the board the discretion whether to choose that route over the petitioner's suggested route. *Id.* ("The town board *may* select an alternative route . . . ." (emphasis added)); *see also Kennedy v. Pepin Twp.*, 784 N.W.2d 378, 384 (Minn. 2010) (holding that a township must establish the requested route *unless* the township finds that an alternative route is less disruptive and damaging to neighbors and the alternative route is in the public's best interest). The record informs us that the town board inspected the parcels and considered the petitioned-for cartway route and Muggli's suggested alternative route. The board reasonably concluded that the petitioned-for route was less disruptive and damaging because a well-worn road already existed on the petitioned-for route, power lines requiring utility-company maintenance

5

already ran along the existing road, and Muggli's alternative route, by contrast, required crossing a railroad track and "appears to be wetlands." The board also found that the Brokaws had already been using the petitioned-for route for many years before Muggli roped off the road to bar their access.

The town board's decision is well supported by the record. We hold that it acted within its discretion by choosing the petitioned-for route and denying Muggli's proposed alternative route. The district court correctly determined that the township's decision was not arbitrary, capricious, or against the public's best interest.

**Affirmed.**